Frances Sharp LICHTENSTEIN

v.

Maurice LICHTENSTEIN
and
Darby Farms, Inc.

Civ. A. No. 42987.

United States District Court,
E. D. Pennsylvania.

July 26, 1972.

Lewis Kates, Philadelphia, Pa., for plaintiff.

Jay D. Barsky, Silver & Barsky, Philadelphia, Pa., for Maurice Lichtenstein.

S. Regen Ginsburg, Philadelphia, Pa., for Darby Farms, Inc.

## OPINION

HAROLD K. WOOD, District Judge.

Plaintiff, Frances Sharp Lichtenstein, has moved for a rule to show cause why defendant Maurice Lichtenstein should not be compelled to pay $21,790.00 in counsel fees and $913.02 as costs incurred in the litigation of plaintiff's cause of action. Mrs. Lichtenstein instituted suit in 1967 against her then husband and against Darby Farms, Inc., of which her husband was principal officer and director. Mrs. Lichtenstein contended that Mr. Lichtenstein had misused corporate funds and she sought an accounting and repayment of funds allegedly wrongfully distributed by the corporation to Mr. Lichtenstein.

On December 5, 1968, this Court approved a settlement agreement presented by the parties which purported to settle both this action and a similar action brought by Mrs. Lichtenstein against her husband and Bethayres, Estates, Inc., (Civil Action 42961). In addition the agreement constituted a marital property settlement in connection with a divorce action then pending in the state courts. The agreement provided that the instant litigation "shall be marked discontinued and ended upon the terms and provisions contained therein." The agreement also provided that a certified public accountant, Stanley Merves, would audit the books of Darby Farms. The agreement contained detailed provisions concerning the duties of the accountant but the primary purpose of the audit was to determine whether there had been any misuse of funds by Mr. Lichtenstein. It was further provided with respect to the certified audit that "the determination by said accountant shall be conclusive and binding on all parties." (para. 11(b) (i)). If the accountant were to determine that funds were owed to Darby Farms, Mr. Lichtenstein agreed to pay to a designated escrow agent within 15 days the difference between the amount determined by the accountant and the amount then on deposit with the escrow agent. After the audit was completed, the escrow agent notified Mr. Lichtenstein that the amount which the accountant found owing exceeded the amount then on deposit with the escrow agent by $36,037.66. (A total of $47,331.44 was determined to be owing to Darby Farms and there was already $11,293.78 on deposit with the escrow agent). Thereafter Mr. Lichtenstein sought to take exception to the accountant's audit, but he never appeared at any appointments arranged for this purpose. He refused to pay any of the $36,000 and in addition directed the escrow agent not to pay over any of the $11,000 already on deposit.

Thereafter Mrs. Lichtenstein instituted proceedings to hold her husband in contempt of the order accompanying the settlement agreement. Mr. Lichtenstein contended that he had the right to except to the audit in this court. On May 16, 1969, we filed an opinion and order holding Mr. Lichtenstein in contempt and providing that he could purge himself of the contempt by paying the amount of the accountant's determination. The Court of Appeals, 425 F.2d 1111, reversed this contempt order on the ground that the preceding order on which it was based was not sufficiently definite. The court remanded the case to us to determine what were the intentions of the parties with regard to the appealability of the accountant's audit. On September 8, 1970, 321 F.Supp. 152, we issued an opinion in which we concluded that, " 'in the light of surrounding cir-

cumstances with a view toward the objectives to be accomplished by the settlement agreement' the parties here intended the last sentence of paragraph 11(b) (i) [i. e.: the "conclusive and binding" provision] to preclude appeals and exceptions such as we have before us from the accountant's audit." We accordingly ordered Mr. Lichtenstein to pay a deficiency of $46,639.94 plus interest and taxed costs against him. On January 3, 1972, 454 F.2d 69, the Court of Appeals modified the amount of the deficiency and the interest dates but otherwise affirmed the opinion and order. With the case in this posture, plaintiff filed the instant motion on April 6 of this year. On June 13 we heard oral argument and offered both sides the opportunity to present evidence. As both sides declined to do so, we are basing our decision on the prior record before the Court, particularly the transcript of the hearing of August 12, 1970.

■ Defendant's initial contention is that plaintiff's motion is untimely because a motion to amend a judgment must be made within ten days after entry of judgment F.R.Civ.Proc. 59(e). Defendant is correct in asserting that plaintiff may not now move to amend the *judgment* to allow counsel fees. Stacy v. Williams, 50 F.R.D. 52 (N.D.Miss. W.D.1970). However, it is equally true that plaintiff may seek to amend her Bill of Costs to include counsel fees as costs without violating Rule 59(e). *Supra.* Treating this as such a motion, we may proceed to the merits of plaintiff's claim.

■ Attorney's fees are not ordinarily taxable as costs and are awarded only in extraordinary cases. Bernstein v. Brenner, 320 F.Supp. 1080 (D.C.D.C. 1970). However, the power to award such fees is within the equity discretion of a district court, Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and where a losing party has brought an action or raised a defense in bad faith, vexatiously, wantonly or for oppressive reasons an award of counsel fees to the other party is appropriate. Moore's Federal Practice § 54.77(2) p. 1348; 6 Moore p. 1352, citing Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473, 481 (4 Cir. 1951). We believe that the record before us amply demonstrates that defendant's activities in causing plaintiff to seek to enforce the settlement in Court and his defense to plaintiff's action were inconsistent with good faith on his part.

In the first instance we observe that Mr. Lichtenstein refused to pay the $36,000 deficiency which the accountant's audit revealed. He did this even though he had agreed that the audit would be conclusive and binding. But defendant went even beyond this. In addition to refusing to deposit $36,000 with the escrow agent, he ordered the escrow agent not to turn over to Darby Farms the $11,000 already on deposit. This was despite the fact that defendant himself admitted in his answer to plaintiff's contempt motion that he owed at least $14,750.37 (See document No. 29). Moreover defendant deliberately failed to attend the meetings which counsel and the accountant attempted to arrange for the purpose of discussing and excepting to the audit.

After plaintiff initiated contempt proceedings, defendant contended for the first time that he had the right to appeal and except to the audit in this Court. At the hearing which we conducted on August 12, 1970 it was testified to by both counsel who prepared the settlement agreement that the intention of the parties was that in the absence of fraud or incompetence on the part of the accountant, his audit would not be reviewable by this Court. Although there was no evidence or allegation of fraud or incompetence, defendant persisted in his contention that he was entitled to such review.

■ In short, defendant refused to honor the terms of the settlement agree-

ment while at the same time failing to meet with the accountant to discuss his objections to the audit. Thereafter he resisted an attempt to enforce the settlement with the defense that he was entitled to court review of the audit whereas the testimony of those who drafted the settlement agreement illustrates that such defense was completely groundless. His actions have been most vexatious both to plaintiff and to the court; they have delayed the resolution of this matter beyond reasonable limits; and they were based on contentions completely unfounded. Accordingly, we believe that plaintiff should be compensated for those counsel fees which it was necessary for her to expend to enforce the settlement agreement.

■ Finally we come to the question of the amount of counsel fees which should be awarded. Plaintiff seeks counsel fees for two attorneys. She has presented a thoroughly detailed list which contains all entries for time expended by the attorneys on this matter. One attorney has expended approximately 270 hours and seeks $13,495.00. We observe that 13½ of these hours are attributable to the time immediately following the settlement agreement. It does not appear that counsel's services during this period were necessitated by bad faith on defendant's part. Accordingly we will reduce the amount of counsel fees by $675.00 to $12,820.00. The other attorney spent 110 to 111 hours on this matter and requests counsel fees of $8,295.00. While the number of hours is reasonable, the hourly rate is one and one half times that charged by the other attorney. We believe that this is excessive and will reduce it, in accordance with the rate charged by the other attorney, to $5,530.00. Counsel fees therefore total $18,350.00. Plaintiff's Bill of Costs, totaling $913.02 is reasonable and will be taxed against defendant.

Counsel for plaintiff shall submit an appropriate order within fifteen days of the date of this opinion.