**Frances Sharp LICHTENSTEIN**

v.

**Maurice LICHTENSTEIN, Appellant, and Darby Farms, Inc.**

**No. 72–1924.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 24, 1973.

Decided June 29, 1973.

---

29. III L. Loss, Securities Regulation 1979 (2d ed. 1961).

30. SEC v. Bennett & Co., 207 F.Supp. 919 (S.D.N.Y. 1962).

Jay D. Barsky, Silver & Barsky, Philadelphia, Pa., for appellant.

S. Regen Ginsburg and Lewis Kates; Kates, Livesey & Edelstein, Philadelphia, Pa., for appellee.

Before ALDISERT, Circuit Judge, and STAPLETON, District Judge.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The question presented is whether appellant, the losing party in extensive litigation, has demonstrated bad faith, vexation, or wanton or oppressive conduct, warranting the imposition upon him of the prevailing party's counsel fees.

In 1967, Frances Sharp Lichtenstein instituted an action based on diversity of citizenship against her husband, Maurice Lichtenstein, and Darby Farms, Inc., a corporation of which her husband was principal officer and director. Mrs. Lichtenstein, the owner of stock in Darby Farms, claimed that her husband misused corporate funds, and sought an accounting and restitution.

In 1968, the district court approved a settlement agreement which provided for the appointment of a certified public accountant to audit the books of Darby Farms to determine whether Mr. Lichtenstein had misused any funds. The agreement stated that the findings of the accountant "shall be conclusive and binding on all parties," and that if the accountant should find that funds were due Darby Farms, Mr. Lichtenstein was to pay a designated escrow agent any deficiency between the amount found owing by the accountant and funds then on deposit with the escrow agent.

The accountant determined that $47,-331.44 was owing to Darby Farms. When Mr. Lichtenstein refused to pay any portion of this amount, Mrs. Lichtenstein instituted contempt proceedings against her husband. Over Mr. Lichtenstein's defense that he had a right to except to the audit, the court adjudged him in contempt, but added that he could purge himself by paying the deficit.

This court reversed because the settlement agreement lacked the required specificity on which to base a civil contempt. Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113 (3d Cir. 1970). We remanded for the district court to determine the intentions of the parties with regard to the appealability of the accountant's audit. On remand, the district court decided that the findings of the accountant were binding and conclusive, and that the settlement agreement did not include a right to appeal or except to the audit. Lichtenstein v. Lichtenstein, 321 F.Supp. 152, 154 (E.D.Pa.1970). On appeal, this court affirmed the finding that the agreement did not permit "judicial appeals" from the findings of the accountant, but observed that the husband might take exceptions to those findings. We concluded, however, that Mr. Lichtenstein's repeated failure to meet with the accountant constituted a waiver of the right to except. Also, this court determined that the district court erred in using a revalued figure in calculating the award to corporate defendant Darby, and modified the calculation accordingly. Lichtenstein v. Lichtenstein, 454 F.2d 69 (3d Cir. 1972).

On April 6, 1972, after Mr. Lichtenstein satisfied the judgment, attorneys for Mrs. Lichtenstein and Darby filed in the district court a rule to show cause why Mr. Lichtenstein should not be held responsible for counsel fees and costs. The district court ordered Mr. Lichtenstein to pay to Mrs. Lichtenstein "as costs, the sum of $913.02; to pay to Lewis Kates, Esquire as costs, reasonable counsel fees in the amount of $12,820, and to pay to S. Regen Ginsburg, Esquire as costs, reasonable counsel fees in the amount of $5,530." Lichtenstein v. Lichtenstein, 55 F.R.D. 535 (E.D.Pa. 1972). This is the order now under review.

At the outset, we note our agreement with the applicable law as stated by the district court:

Attorney's fees are not ordinarily taxable as costs and are awarded only in extraordinary cases. Bernstein v. Brenner, 320 F.Supp. 1080 (D.C.D.C. 1970). However, the power to award such fees is within the equity discretion of a district court, Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and where a losing party has brought an action or raised a defense in bad faith, vexatiously, wantonly or for oppressive reasons an award of counsel fees to the other party is appropriate. Moore's Federal Practice § 54.77(2) p. 1348; 6 Moore p. 1352, citing Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473, 481 (4 Cir. 1951).

55 F.R.D., *supra*, at 537. *See also* Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).[1]

What we disagree with, however, and find clearly erroneous, Krasnov v. Dinan, 465 F.2d 1298 (3d Cir. 1972), is the district court's finding "that the record . . . amply demonstrates that defendant's activities in causing plaintiff to seek to enforce the settlement in Court and his defense to plaintiff's action were inconsistent with good faith on his part." 55 F.R.D. at 537.

The history of this litigation indicates that appeals to this court were not frivolous. Although appellant has evidenced a somewhat litigious and contentious nature, we are not persuaded that the record may be said to support a finding that he "brought an action or raised a defense in bad faith, vexatiously, wantonly or for oppressive reasons." Hence, an award of counsel fees was inappropriate in this case.

Although it is true that appellant refused to remit the deficiency as found by the accountant, he did so because he believed the accountant erred in his procedure, and appellant claimed he had a right to appeal or except to the accountant's findings. Appellee argues that the assertion of such a right is frivolous because the district court found that the language of the settlement agreement "meant that no appeals or exceptions could be taken from the certified audit. . . . ." 321 F.Supp. at 156. This conclusion overlooks the fact that on appeal this court expressly did not accept the district court's finding as it related to exceptions. "[T]his does not mean that the husband could not take exceptions to the findings of the accountant." 454 F.2d at 71. We found that the actions of the accountant and both parties demonstrated "reasonably clearly that both sides interpreted the agreement to mean that the accountant might hear exceptions from his determinations prior to their being made final." 454 F.2d at 72. Admittedly, we found a waiver of that right here, but nevertheless, when the husband finally sought to assert that right he was acting under a plausible, and ultimately accurate construction of the agreement.

Similarly, appellant can hardly be said to have appealed his contempt citation in "bad faith," especially since this court determined that the order which provided the basis for the contempt finding was vague and ambiguous.[2]

Finally, in Hall v. Cole, *supra*, the Supreme Court observed recently that "[i]n

---

1. Although appellant invites us to apply the law of Pennsylvania, rather than federal law, to this case, because our research discloses no difference between the law of the two jurisdictions in this area, we decline to explore this "conflicts" issue. *See* Bata v. Central-Penn National Bank of Philadelphia, 448 Pa. 355, 293 A.2d 343, 352–353 (1972). *See also* Brocker v. Brocker, 429 Pa. 513, 521, 241 A.2d 336, 339 (1968).

2. Indeed, when this matter was before the district court on remand for a determination as to whether the agreement was intended to preclude appeals and exceptions to the accountant's findings, the court observed that the settlement agreement was written "in a hurry," and, as a result, was "ambiguous" and "unevenly drafted." 321 F.Supp. 154–155.

this class of cases, the underlying rationale of 'fee-shifting' is, of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant." 412 U.S. 1 at 5, 93 S.Ct. 1943 at 1946. Here, where this court recognized appellant's right under the agreement to except to the accountant's findings, and also determined that appellant was wrongfully held in civil contempt because the agreement was vague and ambiguous, it can hardly be said that appellant acted in bad faith in pursuing these appeals.

The judgment of the district court will be reversed.