**Joseph F. HOGAN, Plaintiff-Appellee,**

v.

**Wilbur C. WRIGHT, d.b.a. Wright Construction Company, Defendant-Appellant.**

**No. 15079.**

United States Court of Appeals
Sixth Circuit.

Sept. 13, 1963.

84

Donald S. McNamara, McNamara & McNamara, Columbus, Ohio, on brief, for appellant.

Hugh S. Jenkins, Columbus, Ohio, D. Curtis Reed, Columbus, Ohio, on brief, for appellee.

Before CECIL, Chief Judge, PRETTY-MAN,* Senior Circuit Judge, MILLER, Circuit Judge.

CECIL, Chief Judge.

Joseph F. Hogan, plaintiff-appellee, is an attorney and was employed by Wilbur C. Wright, d. b. a. Wright Construction Company, defendant-appellant, to represent him in litigation with Allied Structural Steel Corporation. The representation involving the same subject matter was extended to the presentation and prosecution of a claim before the Sundry Claims Board of the State of Ohio. The parties will be referred to as plaintiff and defendant.

The action now before us is a suit by the plaintiff against the defendant for the recovery of attorney's fees for the representation before the Sundry Claims Board. Jurisdiction of the District Court is invoked by reason of diversity of citizenship. The case must be adjudicated according to Ohio law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The case was tried to the court and the plaintiff recovered a judgment against the defendant in the sum of $27,468.36. This was 20% of the amount recovered. The defendant appealed.

The facts concerning the employment of the plaintiff by the defendant and plaintiff's representation of the defendant are largely contained in the trial judge's findings of fact. The facts may be briefly stated as follows: "In 1950, defendant entered into a contract with the State of Ohio for the construction of a fabricated steel bridge and its approaches on the Akron expressway. Defendant then entered into a contract with Allied Structural Steel Corporation for the steel necessary to build the above mentioned bridge. However, due to the Korean conflict there was about a 2½ year delay in the delivery of the said steel and the defendant sustained substantial losses as a result thereof." (Trial Judge's findings of fact No. 3.) On the advice of plaintiff, the defendant refused to pay Allied and it brought suit against the defendant in the Common Pleas Court of Summit County, Ohio. After four days of trial, the case was settled by an allowance of a credit for $75,000.

The plaintiff billed the defendant for his fees for this service by letter dated December 18, 1956. This was at the request of the defendant. The plaintiff treated the $75,000 credit as a recovery of that amount and charged the defendant $15,000, or 20%, which he considered to be a reasonable fee.

There is a paragraph in this letter which refers to future representation and payment of fees and which forms the basis of the dispute in the action now before us. It reads as follows: "As I told you on leaving Akron, I will pre-

* Sitting by designation from the District of Columbia Circuit.

pare, file and present your claim with the Sundry Claims Board without charge to you. (My usual fee for a claim of this size is $2,500.00 for preparation and presentment against 25% of the recovery.) Out of any recovery in your claim, you are to pay me a percentage figure acceptable to you. That claim is now ready for filing, except that you have failed to send me the material requested in my letter of December 12. I am enclosing a copy of the claim as it will be filed upon receipt of the material requested from you."

The trial judge made the following finding: "That on or about November 5, 1959, due to the efforts of the plaintiff, the defendant received from the State of Ohio the full amount of his claim for damages in the sum of $212,-341.81 less a credit of $75,000. previously recovered from Allied Structural Steel Corp." (Trial Judge's finding of fact No. 6.)

On April 4, 1959, the defendant wrote the plaintiff a letter and said that he was establishing a new line of credit and that he had used the sundry claims amount as an asset. A question arose as to what was owed and he said: " * * * we used an amount of $2,000.00 due you for this work. We do not know if this is correct, so would you notify us if this is approximately correct." The plaintiff answered this letter on April 7, 1959. He enclosed a copy of his letter of December 18, 1956. He said: "From it you will note that no charge was to be made to you for the *preparation, filing* and *presentation* of your claim. *But* out of any recovery made you were to pay me **a** percentage of it. In claims of this character where the fee is entirely contingent upon the amount recovered, the usual fee is around 30% to 33⅓% and is ordinarily agreed upon in advance. In view of our past relationship no absolute percentage figure was set. In the Allied case you paid me 20%, less certain allowances, of what we considered a recovery."

The defendant claims that the language of the contract, the letter of December 18, 1956, is unambiguous, that it

provides for the client to set the fee, that the defendant suggested a fee of $2,000 which the plaintiff refused and that the plaintiff cannot now maintain an action against the defendant for a reasonable fee.

The trial judge found: "That to date defendant has refused to pay plaintiff for the services rendered in the action before the Sundry Claims Board of the State of Ohio." (Finding of fact No. 7.) The trial judge then concluded as a matter of law: "2. Plaintiff has rendered legal services to the defendant and as yet has not been compensated for said services. 3. Plaintiff is entitled to reasonable attorneys fees for said services. 4. Therefore, plaintiff is entitled to recover fees in the amount of $27,468.36 from the defendant." (Conclusions of law Nos. 2, 3, 4.)

The parties conceded that plaintiff's letter of December 18, 1956, heretofore referred to, constituted a contract between the parties for legal services and that the services of plaintiff were rendered pursuant to that contract. The trial judge did not make any finding of fact relative to the existence of a contract. It is apparent that he ignored the contract entirely and decided the case on a quasi contract or quantum meruit basis.

■■ Since the case was not decided on the contract between the parties the judgment of the District Court is vacated and the case remanded for further proceedings consistent with this opinion. On remand the trial judge is instructed to find as facts the nature and terms of the contract or relationship between the parties for the services to be rendered by the plaintiff to the defendant and for the payment of a fee to the plaintiff by the defendant for such services. The trial judge is further directed to construe and interpret the contract or relationship between the parties as a matter of law and to make such further findings of fact relative to the performance of the services by the plaintiff, the payment of a fee by the defendant and the interpretation of the letter of April 4, 1959, as are

appropriate and necessary to determine the rights of the parties. If the payment of a reasonable fee becomes an issue in the case, both parties should be permitted to offer evidence on the subject, together with such further evidence as may be required to enable the District Judge to decide the issues in the case.

Judgment vacated and the case remanded for further proceedings.