Frances Sharp LICHTENSTEIN

v.

Maurice LICHTENSTEIN and Darby Farms, Inc., Maurice Lichtenstein, Appellant.

No. 17915.

United States Court of Appeals, Third Circuit,

Argued Oct. 21, 1969.

Decided April 2, 1970.

Jay D. Barsky, Silver & Barsky, Philadelphia, Pa., for appellant.

Lewis Kates, S. Regen Ginsburg, Philadelphia, Pa., for appellee.

Before KALODNER, STALEY and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

STALEY, Circuit Judge.

In 1967 a diversity civil action was instituted by Frances Sharp Lichtenstein naming Darby Farms, Inc., and her then husband Maurice Lichtenstein as defendants. The complaint alleged misuse of the corporate funds by Mr. Lichtenstein in his capacity as principal officer and director. Mrs. Lichtenstein requested an accounting and repayment of funds wrongfully distributed by the corporation to Mr. Lichtenstein.

Pursuant to a written agreement between the parties, this action was settled. This agreement also purported to settle a similar suit brought by Mrs. Lichtenstein against her husband and Bethayres Estates, Inc. (Civil Action No. 42961 in the Eastern District of Pennsylvania). In addition, the writing constituted a marital property settlement. At the time of execution, a divorce action was pending in the Pennsylvania courts.

The written agreement was incorporated by reference into the order of the district court settling and discontinuing this case. The district court, upon petition by Mrs. Lichtenstein, found that Mr. Lichtenstein had failed to comply with this order, i. e., he had not performed the duties undertaken in the agreement of settlement. The court held him in contempt. From the order adjudging him in contempt, Mr. Lichtenstein appeals.

The pertinent provisions of the settlement agreement are as follows. An accountant was retained to audit the books of Darby Farms, Inc. While the agreement contains detailed provisions concerning the accountant's duties, the purpose of the audit was to determine whether there had been any misuse of funds by Mr. Lichtenstein. The parties agreed that the findings of the accountant should be conclusive and binding. Should the accountant determine that funds were due Darby Farms, Inc., Mr.

Lichtenstein agreed to pay to a designated escrow agent any deficiency between the amount found by the accountant and funds then on deposit with the escrow agent. Upon notice by the escrow agent, Mr. Lichtenstein would have fifteen days within which to deposit the amount of the deficiency. In addition Mr. Lichtenstein agreed to pay the fee of the accountant, one-half the fee of the escrow agent, and the fee of Mrs. Lichtenstein's New Jersey counsel.

The audit was completed and the escrow agent notified. The escrow agent notified Mr. Lichtenstein that $36,037.-66 was the amount of the deficiency. Mr. Lichtenstein sought to take exception to the audit, but he never appeared at any appointments arranged for this purpose.

Upon his failure to pay the amount of the deficiency, Mrs. Lichtenstein initiated this contempt proceeding. The court held him in contempt and ordered him taken into custody. The order provided that he could purge himself of contempt by payment into the registry of the court or by furnishing a bond guaranteeing payment of sums aggregating $47,697.98. This amount represents: $33,197.98 which is the amount of the deficiency due the escrow agent; [1] $1,500 to Mrs. Lichtenstein for expenses incurred by the delay in payment of the deficiency and reasonable compensation for the time expended on the contempt proceeding; $3,000 as fees for Mrs. Lichtenstein's counsel; and $10,000 representing an amount sufficient to provide payment for the services of the escrow agent and the accountant.

While the district court emphasized in its opinion that the contempt citation was based on a refusal to obey its order, it did not relate the facts upon which its conclusion is based. Instead, it adopted as findings of fact those submitted by Mrs. Lichtenstein. Careful examination of these facts for specific instances of contemptuous conduct reveals that the

---

1. It is noted that there is a discrepancy in the exact amount due the escrow agent. The record does not indicate the reason for this difference.

chief complaint is that Mr. Lichtenstein has failed and refused to pay to the escrow agent the amount of the deficiency. While he may have, by his conduct, delayed the dates for performing his duties under the agreement, the conclusion appears inescapable that the primary reason for the contempt was the failure to pay the deficiency. This conclusion finds further support from the fact that the court order provides, inter alia, that the contempt could be purged by the payment of the deficiency. We find that the citation of contempt is impermissible in the factual context of this case.

■ Civil contempt of course is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts. In re Rubin, 378 F.2d 104 (C.A.3, 1967).

In the instant case there was no specific order of the district court requiring Mr. Lichtenstein to pay a sum of money to the escrow agent. Rather than containing an explicit instruction, the order merely provided the means by which Mr. Lichtenstein's liability was to be determined. The audit conducted by the accountant was that determination of liability. There was no provision in the order for court supervision or review of this audit.[2] After due notice Mr. Lichtenstein was required to pay the amount of the deficiency to the escrow. While these acts were accomplished, we point out that the order upon which the contempt was based was dependent upon a prospective extra-judicial determination of liability.

■ Where a contempt of court consists of the refusal to pay a sum of money, specificity and definiteness require at a minimum that a court order subsist which requires that the contemnor perform the act of payment of a specific sum. In re Rubin, supra; NLRB v. Deena Artware, Inc., 261 F.2d 503, 509–510 (C.A.6, 1958), rev'd on other grounds, 361 U.S. 398, 80 S.Ct. 441, 4 L.Ed.2d 400 (1960). A court order which provides for a prospective extra-judicial determination of liability lacks the requisites of specificity and definiteness to sustain a finding of contempt for failure to perform the act of payment.

■ One other aspect of this case requires comment. In a contempt proceeding, the court may, in its discretion, award expenses, costs, and fees to the petitioner. These items are restricted to reasonable amounts incurred in prosecut-

2. Appellant urged in the district court and continued to press on appeal the contention that he had a legal right to take exceptions to the audit. He raises this as a defense to the contempt citation.

The settlement agreement provides, "The determination by said accountant shall be conclusive and binding on all parties." It also provides that Pennsylvania law should govern the contract.

Relying on Mussina v. Hertzog, 5 Binney 387 (1812), Mr. Lichtenstein asserts his right to except in the absence of express language limiting that right. The language at issue in Mussina v. Hertzog, supra, was "final and conclusive." The Supreme Court of Pennsylvania allowed exceptions to be taken from a referee's award.

In each subsequent case the language construed has contained express averments to the effect that no exceptions or appeals should be taken. This language has consistently been held to preclude exceptions or appeals. See, e. g., McRoberts v. Burns, 371 Pa. 129, 88 A.2d 741 (1952).

While Mussina v. Hertzog retains vitality, its application, if any, to the case at bar must be subsequent to a resolution of the critical question. Applying Pennsylvania law, that question is whether the parties to the settlement agreement intended that a right to except to the audit was included. See, e. g., Unit Vending Corp. v. Lacas, 410 Pa. 614, 190 A.2d 298 (1963). The inquiry is directed at interpreting the contract language in the light of surrounding circumstances with a view toward the objectives to be accomplished by the contract. Unit Vending Corp. v. Lacas, supra.

It would appear that the rule of Mussina v. Hertzog, supra, would only be applicable if such an inquiry should prove fruitless. Since there are insufficient facts of record on this appeal, any attempt at resolving the issue would be inappropriate.

ing the petition. However, some basis for their award must appear in the record. Schauffler v. United Ass'n of Journeymen, 246 F.2d 867 (C.A.3, 1957).

In this case, the district court made such an award. However, the record is devoid of evidence by which the reasonableness of the award can be tested. It is an abuse of discretion to award these items unless there is some indication of record as to the reasonableness.

In view of the disposition of this appeal, it is unnecessary to consider the other contentions of the appellant.

The order of the district court will be reversed.