**John T. DUNLOP, Secretary of Labor, United States Department of Labor, Petitioner,**

v.

**Arnold FISHER, an individual, Respondent.**

**Civ. A. No. C–4832.**

United States District Court, D. Colorado.

Jan. 23, 1976.

Thomas E. Korson, U. S. Dept. of Labor, Denver, Colo., for plaintiff.

Arnold Fisher, pro se.

ORDER

CHILSON, District Judge.

On December 6, 1974, judgment was entered in favor of the plaintiff and against the defendant, a copy of which judgment is appended hereto and by reference is made a part of this Order.

On December 11, 1975, the plaintiff filed his "Petition for Adjudication in Civil Contempt" alleging that the defendant had not complied with Paragraph 3 of the judgment in that:

a. the plaintiff had failed to pay $1900 of the $2500 judgment awarded in Paragraph 3 of the judgment; and

b. that the defendant failed to comply with that portion of Paragraph 3 of the judgment which required him " _ _ to furnish to plaintiff, within 90 days from the entry of the judgment, a list containing the names, social security numbers, and last known addresses of all of defendant's employees identified in Exhibit A, which was attached to the complaint."

The plaintiff's petition prays that this Court adjudge the defendant to be in civil contempt of this Court for his failure to pay the $1900 still due under the judgment, together with interest and that this Court impose a fine upon the defendant for the costs and expenses of instituting and prosecuting this action.

We first address ourselves to the prayer of the petition that the Court adjudge the defendant in civil contempt for failure to pay the balance of the money judgment of $1900 and the interest thereon.

If the Court adjudges the defendant to be guilty of civil contempt for failure to pay the money judgment and interest thereon, then the Court, pursuant to 18 U.S.C. Sec. 401, would appear to have the power to punish the defendant by fine or imprisonment. The Court holds that the money judgment is nothing more nor less than a debt owed by the defendant to the plaintiff.

28 U.S.C. § 2007 provides in pertinent part:

"(a) A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State."

Article II, § 12 of the Colorado Constitution expressly prohibits imprisonment for debt:

"No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in such manner as shall be prescribed by law, or in cases of tort or where there is a strong presumption of fraud."

■ The Court concludes that by virtue of 28 U.S.C. § 2007 and Article II, § 12 of the Colorado Constitution, that it has no authority to adjudicate the defendant in contempt of court for failure to pay the money judgment, and further concludes that if the Court has discretionary authority to utilize such procedure, that it should not do so in the absence of compelling reasons, but plaintiff should be required to use his legal remedies such as discovery, execution, garnishment, etc. to enforce the money judgment.

■ The Court deems that adjudication of civil contempt for failure to pay a money judgment carries an implied threat of possible imprisonment and is therefore coercive in nature and effect and should not be utilized by the Court for the enforcement of the payment of a money judgment except in the most compelling circumstances. The Court finds no compelling circumstances in the allegations of the petition or in the brief filed by plaintiff in support of his petition.

As to the allegations that the defendant has failed to comply with the judgment in failing to furnish to the plaintiff the social security numbers and last known addresses of all of defendant's employees identified in Exhibit A attached to the complaint, the Court will upon an appropriate application by the plaintiff, enter an order upon defendant to show cause in writing why he should not be adjudged in contempt of Court for failure to comply with this portion of the judgment. The Court will of course require service of the order upon the defendant and will afford him an opportunity to be heard.

It is therefore ordered that the plaintiff's petition for adjudication that the defendant is in contempt of this Court is hereby denied.

## APPENDIX

### JUDGMENT

Plaintiff having filed his complaint, and defendant Arnold Fisher having withdrawn his answer, admitted the allegations of the complaint, and agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for the plaintiff, and for cause shown:

Ordered, adjudged, and decreed that defendant Arnold Fisher, his agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, in any of the following manners:

1. Defendant Arnold Fisher shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to his employees engaged in commerce or the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Act, wages at rates not less than $2.00 an hour during the period from the entry of this order until December 31, 1974; $2.10 an hour from January 1, 1975 to December 31, 1975; and $2.30 an hour beginning January 1, 1976, or any rate subsequently made applicable by amendment to the Act.

2. Defendant Arnold Fisher shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employee in commerce or in the production of goods for commerce or in an enterprise engaged in commerce or the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours without compensating such employee for his employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendant Arnold Fisher is hereby restrained from continuing to withhold the sum of $2,500.00 in unpaid minimum wages and overtime compensation due his employees. Payment of the above amount shall be made by defendant Arnold Fisher delivering to counsel for plaintiff, installment payments according to the following schedule, all made payable to "Wage-Hour, Labor" in certified or cashier's checks:

| | |
|---|---:|
| December 15, 1974 | $ 200.00 |
| January 15, 1975 | 200.00 |
| February 15, 1975 | 200.00 |
| March 15, 1975 | 200.00 |
| April 15, 1975 | 200.00 |
| May 15, 1975 | 200.00 |
| June 15, 1975 | 200.00 |
| July 15, 1975 | 200.00 |
| August 15, 1975 | 200.00 |
| September 15, 1975 | 200.00 |
| October 15, 1975 | 200.00 |
| November 15, 1975 | 200.00 |
| December 15, 1975 | 100.00 |
| Total | $2,500.00 |

Failure of defendant Arnold Fisher to deliver to plaintiff's attorneys any of the foregoing installment payments on or before the date when each such payment is due, shall render defendant Arnold Fisher immediately liable for the entire remaining unpaid amount, plus interest. The above total amount of $2,500.00 represents the gross amount of unpaid minimum wages and overtime compensation due to defendant Fisher's employees. Defendant Arnold Fisher shall furnish to plaintiff, within 90 days from the entry of this order, the social security numbers and last known addresses of all of defendant's employees identified in Exhibit A, attached to the complaint. Plaintiff shall distribute the sum of $2,500.00 to defendant's employees, allocating the gross amount due to each of such employees according to the best information (concerning hours worked by such employees and wages unlawfully withheld) as is or may be available to plaintiff. In making such distributions, plaintiff shall make appropriate tax deductions for each such employee and shall remit such deductions to the appropriate governmental agencies.

Plaintiff will distribute the checks to the employees or their legal representatives as their interests may appear. Any

sums which, within one year after receipt of the final installment payment, have not been distributed to the employees, or to their personal representatives because of inability of either plaintiff or defendant Fisher to locate the proper persons or because of any person's refusal to accept payment, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. § 2041. Upon timely receipt of the final installment payment as aforesaid, plaintiff shall file a certificate with the Clerk that said checks have been received.

4. Defendant Arnold Fisher shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of his employees, and of the wages, hours and other conditions and practices of employment maintained by him, as prescribed by the regulations issued and from time to time amended pursuant to section 11(c) of the Act (29 C.F.R. 516). Defendant Fisher shall make such records available at all reasonable times to representatives of the plaintiff.

5. It appears of record that the corporate defendant is defunct (see defendant Fisher's answer to plaintiff's interrogatory No. 1, first set). Accordingly, this action is hereby, upon motion of plaintiff and of defendant Arnold Fisher, dismissed as to Arnie's Appliance, Inc., trading as Holiday Appliance of Denver, Inc.

It is further ordered that defendant Fisher shall pay the costs in the amount of $93.80, computed as follows:

| | |
|---|---|
| Filing fee | $15.00 |
| Costs taxed in the Magistrate's Order of June 25, 1974 | 50.00 |
| Mileage of person specifically appointed by the Court to achieve service | 28.80 |
| Total | $93.80 |

Dated this 6th day of December, 1974.