JAIME M. BENALCAZAR vs. ARTHUR H. GOLDSMITH.

Essex. February 4, 1987. — May 26, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Attorney at Law,* Contingent fee agreement, Compensation. *Practice, Civil,* Counsel fees. *Civil Rights,* Attorney's fees.

Language in an attorney's contingent fee agreement with his client in an action seeking the client's reinstatement and damages arising from his alleged wrongful dismissal from employment in violation of G. L. c. 71, § 42, G. L. c. 12, § 11I, and 42 U.S.C. §§ 1981 and 1983 (1982), did not entitle the attorney to recover from his client in attorney's fees one-third of $14,923.74, the sum of the client's back wage loss and expenses, in addition to $8,300 in attorney's fees and costs the judge had ordered the client's employer to pay the attorney pursuant to 42 U.S.C. § 1988 (1982). [113-114]

CIVIL ACTION commenced in the Superior Court Department on June 6, 1980.

A postjudgment motion to establish and enforce an attorney's lien was heard by *Peter F. Brady, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Arthur H. Goldsmith,* pro se.

*Jaime M. Benalcazar,* pro se, submitted a brief.

ABRAMS, J. Mr. Arthur H. Goldsmith, an attorney, appeals from the denial of his "motion to establish and enforce his attorney's lien and his contractual rights under the parties' fee agreement" and from the denial of his "motion for relief from ruling on his attorney fees lien petition."[1] Mr. Goldsmith asked a judge of the Superior Court "pursuant to G. L. c. 221, § 50, and Mass. R. Civ. P. 57 and 65 [, 365 Mass. 826, 832 (1974),] to determine, declare, establish and enforce a lien for one-third

---

[1] Mr. Goldsmith timely filed a claim of appeal from both rulings.

of the plaintiff's recovery." The judge found "that the attorney, while not receiving adequate compensation for work performed, has received enough considering the equities between the parties." We transferred the case to this court on our own motion. For the reasons stated in this opinion, we affirm the judgment.

Jaime M. Benalcazar, a teacher in the Gloucester public schools, was dismissed by the school committee of Gloucester. Benalcazar retained Goldsmith because Benalcazar believed that his dismissal was in violation of G. L. c. 71, § 42 (1984 ed.),[2] and in violation of State and Federal civil rights statutes. G. L. c. 12, § 11I (1984 ed.); 42 U.S.C. §§ 1981 and 1983 (1982). Mr. Goldsmith commenced an action on Benalcazar's behalf for reinstatement and damages. After the action was commenced, the school committee offered to settle the matter for $30,000, without reinstatement or to reinstate Benalcazar.[3] Benalcazar refused the offers of settlement and insisted on trial. After a jury-waived trial, the judge awarded Benalcazar $13,723.74, his full back wage loss until the date of the unaccepted reinstatement offer, with interest;[4] $1,200 in expenses incurred, see G. L. c. 71, § 43B (1984 ed.);[5] and $1 for the violation of 42 U.S.C. § 1983 (1982). Pursuant to 42 U.S.C.

---

[2] General Laws c. 71, § 42, sets out the process by which teachers may be dismissed. General Laws c. 71, § 43A (1984 ed.), provides for judicial review of dismissals, demotions, or removals of teachers.

[3] It is not clear from the record whether the school committee's offer of reinstatement included an offer of any back pay.

[4] The amount of interest is not shown on the record before us.

[5] General Laws c. 71, § 43B, provides that any teacher who incurs expenses in defending himself against an unwarranted removal or suspension shall be reimbursed for that expense. Attorneys' fees are "expenses" under the statute. *Black* v. *School Comm. of Malden,* 369 Mass. 657, 663 (1976). The statute also provides that the "amount of such reimbursement shall in no event exceed ten percent of the amount of the usual compensation of such person for the period during which such removal or suspension was in effect."

§ 1988 (1982),[6] the judge ordered the school committee to pay Mr. Goldsmith $8,300 in attorney's fees and costs.[7]

Mr. Goldsmith claims he is entitled to one-third of $14,923.74, the sum of the back wage loss and the expenses, in addition to the $8,300 awarded by the court. We do not agree. The contingent fee contract between Benalcazar and Mr. Goldsmith provides that "[t]he Client agrees to pay to the firm a Thirty-Three and one-third (33⅓) percent contingent recovery for any compensation, back pay, attorneys fees, or damages recovered in addition to the above hourly rate." The contract also provides that "[i]n the event Attorney Goldsmith is successful at obtaining attorney fees to cover the costs of pursuing this action or any appeals, then the client shall not be responsible for the payment of the $15.00 hourly rate . . . above the $1,750.00 [paid as the retainer]." The contract finally provides that "[t]he firm retains its right to the one-third contingent recovery," and that "[i]n the event the Court awards and the Defendants pay attorney fees, such fees shall be paid directly to the firm."

The contingent fee contract[8] drafted by Mr. Goldsmith does not support Mr. Goldsmith's claim that he is entitled to one-third of the back pay awarded to Benalcazar in addition to the court-awarded attorney's fees. The sum of the compensation, back pay, attorney's fees, and statutory damages is $23,223.74, and one-third of that sum is $7,741.58, an amount less than the $8,300 Mr. Goldsmith already received as court-awarded attorney's fees.[9]

---

[6]The judge did not specify that he awarded the fees pursuant to § 1988, but he found for Benalcazar on that count in his complaint alleging violations of 42 U.S.C. § 1983 (1982) and on his request for attorney's fees in that count. Section 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

[7]The school committee has not appealed from the judgment. No issue between the parties is before the court.

[8]There is no contention that the contingent fee contract fails to meet the requirements of S.J.C. Rule 3:05, as appearing in 382 Mass. 762 (1981).

[9]Although Mr. Goldsmith received more than he was entitled to under the contract, Benalcazar's "failure to take a cross appeal precludes [him]

Mr. Goldsmith urges us to read the contingent fee contract as if it stated that Mr. Goldsmith would be entitled to one-third of any back pay award in addition to any attorney's fees ordered by the court. The contract is not so worded. Even if we were to read the contract as ambiguous on that point, the ambiguity would be construed against the drafter. See *Merrimack Valley Nat'l Bank* v. *Baird,* 372 Mass. 721, 724 (1977); *Massachusetts Turnpike Auth.* v. *Perini Corp.,* 349 Mass. 448, 454 (1965); 4 S. Williston, Contracts § 621, at 760-762 (3d ed. 1961). That principle is particularly applicable where an attorney drafts a contingent fee contract which he knows will be signed by a person without legal training. See *Hamilton* v. *Ford Motor Co.,* 636 F.2d 745, 748 (D.C. Cir. 1980). See also *Baumrin* v. *Cournoyer,* 448 F. Supp. 225, 228 (D. Mass. 1978); *Jersey Land & Dev. Corp.* v. *United States,* 342 F. Supp. 48, 54 (D.N.J. 1972); *Norman* v. *Berney,* 235 Cal. App. 2d 424, 433 (1965); 10 S. Williston, Contracts § 1285A, at 931 (3d ed. 1967).[10]

Mr. Goldsmith received all the fees for which he contracted. We therefore affirm the judge's denial of Mr. Goldsmith's petition to establish and enforce a lien.

*Judgment affirmed.*

---

from obtaining a judgment more favorable to [him] than the judgment entered below." *Boston Edison Co.* v. *Boston Redevelopment Auth.,* 374 Mass. 37, 43 n.5 (1977).

[10] Because the issue is not raised, we do not discuss whether a contingent fee contract which includes as one component a percentage of attorney's fees awarded by the court would be enforceable.