

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-7-2008

# AMG Natl Trust Bank v. Stephen Ries

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1662

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"AMG Natl Trust Bank v. Stephen Ries" (2008). *2008 Decisions.* Paper 696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-4051 & 08-1662
_____

AMG NATIONAL TRUST BANK
                                                        Appellee

vs.

STEPHEN C. RIES
                                                        Appellant

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 06-cv-04337)
District Judge:  J. Curtis Joyner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 25, 2008
Before:   MCKEE, FUENTES and WEIS, Circuit Judges.

(Filed:   August 7, 2008)
_____

OPINION
_____


WEIS, Circuit Judge.


        Defendant Stephen C. Ries appeals from an order granting a preliminary

1

injunction to plaintiff AMG National Trust Bank and an order imposing sanctions for contempt of a Temporary Restraining Order. We will affirm in part and remand to the District Court for further proceedings.

I.

Ries first challenges the injunction. He argues that the District Court erred by honoring the choice of law provision in the Employment Agreement between Ries and AMG and applying Colorado rather than Pennsylvania law. The District Court provided sufficient findings to show that Colorado bore a reasonable relationship to the parties and the transaction. Berg Chilling Systems, Inc. v. Hull Corp., 435 F.3d 455, 463-64 (3d Cir. 2006) (citing Restatement (Second) of Conflicts of Law § 187(2)). Ries has not shown that the choice of law provision violates a fundamental public policy interest of Pennsylvania. Id.

Ries also argues that the restrictive covenant in the Employment Agreement is not enforceable under Colorado's policy disfavoring covenants not to compete. See Colo. Rev. Stat. §8-2-113(2). The District Court properly concluded that the restrictive covenant falls under the trade secrets exception to the policy. Colo. Rev. Stat. §8-2-113(2)(b). The record shows that AMG took numerous steps to protect the client information that it described as confidential in the Agreement and provided to Ries. See Colo. Rev. Stat. § 7-74-102(4); Colorado Supply Co., Inc. v. Stewart, 797 P.2d 1303, 1306 (Col. App. 1990).

2

Ries argues that the restrictive covenant fails under both Pennsylvania and Colorado law because it was not supported by additional consideration. Additional consideration was unnecessary, however, because the Agreement was sufficiently contemporaneous with Ries' acceptance of employment. See George W. Kistler, Inc. v. O'Brien, 464 Pa. 475, 484, 347 A.2d 311, 316 (Pa. 1975); Freudenthal v. Espey, 45 Colo. 488, 500, 102 P. 280, 284 (Colo.1909). Ries had notice of the Agreement prior to beginning work and signed the agreement on his first day of work.

II.

Ries challenges the amount of sanctions the District Court awarded for Ries' contempt. The District Court ordered Ries to pay AMG $138,140.73 in attorneys fees and $180,051.38 in lost revenue.

Damages awarded "in civil contempt proceedings [are] compensatory ... [and] must not exceed the actual damages caused the offended party by a violation of the court's order." Quinter v. Volkswagen of America, 676 F.2d 969, 975 (3d Cir.1982) (citations omitted). The award of attorneys fees was within the Court's broad power to provide AMG full remedial relief. See Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. Pa. 1994). The Court granted fees and costs "incurred [by AMG] in uncovering and establishing Mr. Ries' contemptuous behavior." See Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113-14 (3d Cir. 1970) (award of reasonable attorney fees permissible

3

where it has some basis in the record).

The compensatory nature of the award of lost revenues here is unclear. Allowable damages are intended to restore the injured party to the position it would have occupied but for the other's contempt. Robin Woods, 28 F.3d at 400. Because the determination of the revenues lost as a result of Ries' contempt is speculative to some extent and is intertwined with the merits of AMG's action, the issue is best left until a final determination on the merits.

Damages can be determined at that point with more precision and the relationship between Ries' contempt and AMG's actual damages may be clarified. National Drying Machinery Co. v. Ackoff, 245 F.2d 192, 194 (3d Cir. 1957) (a civil contempt award "must be an attempt to compensate plaintiff for the amount he is out-of-pocket or for what defendant by his wrong may be said to have diverted from the plaintiff").

The District Court concluded that "there is no question but that" Ries helped some clients "de-link" their accounts and provided specific services to two others. It determined that AMG is entitled "to some compensation" for the "lost profits from servicing" the accounts of four customers. It then found the evidence "sufficient to justify awarding the plaintiff for two year's lost revenue," which represented the revenue lost for the entire period of the restrictive covenant.

Yet, the Court discussed substantial evidence suggesting that the clients

4

terminated their relationships with AMG because Ries would no longer be their advisor. Although the Court appeared to conclude that the clients' actions were not "solely" related to Ries' departure, it did not explicitly rule out that circumstance as a contributing factor. The Court should explain whether its damages award reflects the extent that factors other than Ries' contempt caused the clients to leave AMG. See Robin Woods, 28 F.3d at 401 (requiring adjustment of damages based on limited success of contempt motion).

We will affirm in part and remand to the District Court with instructions that the Court reconsider its award of lost revenues after a final determination of the merits of this case.[1]

---

[1] Ries also argues for the first time on appeal that the damages issue should be arbitrated under the Employment agreement. We generally refuse to consider issues that are raised for the first time on appeal.