Addie Mae **TUCKER**, Administratrix of the Estate of Henry Allen Tucker, Deceased, Appellant

v.

Joseph C. **DUKE** et al., Appellees.

No. 15334.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 25, 1960.

Decided March 10, 1960.

**500**

Mr. Ralph F. Berlow, Washington, D. C., for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty. at time of argument, with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

The appellant administratrix, whose decedent was shot and killed by Gregory M. La Coss, a Capitol policeman, sued him and the United States, his employer, to recover damages in the sum of $150,000. She joined as defendants, in their individual capacities, Joseph C. Duke, Sergeant at Arms of the United States Senate, Zeake W. Johnson, Jr., Sergeant at Arms of the United States House of Representatives, and J. George Stewart, Architect of the Capitol, who comprised the Capitol Police Board. Her theory was they had negligently employed an incompetent policeman and were personally liable for his alleged tort.

A motion to dismiss the action as to them, filed by Duke, Johnson and Stewart, was granted by the trial court, with an appropriate certificate under Rule 54 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The administratrix appeals. We find no error.

Affirmed.

BAZELON, Circuit Judge (concurring).

A public officer is not vicariously liable for the acts of his subordinate even though the subordinate may be liable. Robertson v. Sichel, 1888, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203. Nor is a public officer liable for his own negligence if the act is a discretionary one and not ministerial. Kendall v. Stokes, 1845, 3 How. 87, 98, 44 U.S. 87, 98, 11 L.Ed. 506; Cooper v. O'Connor, 1938, 69 App.D.C. 100, 102, 99 F.2d 135, 137, 118 A.L.R. 1440. The appointment of police officers requires the exercise of discretion. Stiebitz v. Mahoney, 1957, 144 Conn. 443, 134 A.2d 71, 74; Wray v. McMahon, 1938, 182 Misc. 592, 182 So. 99. See generally, 2 Harper & James, Torts 1632-46 (1956); 3 Davis, Administrative Law § 27 (1958).