Walter J. LANDER, Appellee,

v.

Rogers C. B. MORTON, Secretary of the Department of the Interior, et al., Appellants.

No. 73–1729.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 5, 1974.

Decided Sept. 8, 1975.

William M. Brodsky, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., at the time the brief was filed, John A. Terry, Ellen Lee Park and Joseph E. di Genova, Asst. U. S. Attys., were on the brief, for appellants.

Stephen E. Moss, Bethesda, Md., for appellee.

Before ROBINSON, ROBB and WIL-KEY, Circuit Judges.

ROBB, Circuit Judge:

This is an appeal by Rogers C. B. Morton, Secretary of the Interior, from an order of the District Court directing him to pay $5,000 to the appellee Lander as "compensatory damages" for "excessively delayed compliance" with an order of the court. We reverse.

In 1970 Mr. Lander was transferred from his position as Assistant Director—Administration, Bureau of Mines of the Department of the Interior to an administrative position in another agency. The papers relating to the transfer referred to certain "problems" that occurred in Lander's performance with the Bureau of Mines. Thereafter, after various administrative steps, Mr. Lander filed in the District Court a complaint for declaratory judgment that his transfer was improper, and for injunctive relief directing his reinstatement and deletion of any references to "problems" in his personnel file. Named as defendants were Mr. Morton and the chairman and two members of the United States Civil Service Commission.

On June 16, 1971 the District Court granted a motion for summary judgment filed by the plaintiff, issued findings of fact and conclusions of law, and ordered that Mr. Lander be restored to his position "with all of its rights and duties forthwith", that all references to "problems" be deleted from his personnel file, and that he be "free from reprisals or coercion."

On July 6, 1971 Mr. Lander moved to have the defendants held in contempt for their alleged failure to comply with the court's order of June 16. That motion was denied as moot on July 19 because Mr. Lander had been reinstated in his position. Thereafter, on September 9, 1971, Mr. Lander filed a second con-tempt motion, in which for the first time he sought $10,000 in damages "to compensate . . . for the injuries and expenses . . . sustained as a result of . . . violations of this Court's Order and in prosecuting this proceeding." The motion alleged in part that Secretary Morton and certain of his named assistants and associates in the Department of the Interior had violated the court's order by failing to restore to Mr. Lander all the rights and duties of his position and by failing completely to expunge all references in his file to "problems".

Treating the contempt motion of September 9, 1971 as one for an order to show cause, the District Court held a hearing, and on November 22, 1971 directed two subordinate officials of the Bureau of Mines, Messrs. Osborn and Weis, who were not defendants in the suit, to show cause why Mr. Morton should not be held in contempt. The court found that the plaintiff had "established a *prima facie* case that the defendant, Rogers C. B. Morton, through his subordinates, Elburt F. Osborn and Stanley Weis, has violated this Court's order of June 16, 1971."

After a hearing on the return of the order to show cause the court refused to hold Mr. Morton in contempt, since the court found that he had "complied with the Court's order of June 16, 1971". The court found that on July 14, 1971, effective June 16, 1971 Mr. Lander was restored to his position in the Bureau of Mines, with a position description identical to the one assigned to him before his transfer. In addition the court found that authority to act as security and certifying officer was not delegated to Mr. Lander upon his restoration, since the duties of these officers were principally clerical and it was thought that he would not wish to have them restored to him, but would prefer that they be delegated to a subordinate who would be responsible to him; however as soon as the Director of the Bureau was advised

by way of Mr. Lander's contempt motion that he desired to have these duties restored to him, they were restored. Finally, the court found that both the word "problems" and the context in which the word appeared in Mr. Lander's personnel file had been deleted. The record disclosed however that the deletion of the context did not occur until some time subsequent to November 1971.

Mr. Lander appealed from the District Court's refusal to find Secretary Morton in contempt. We affirmed the District Court's judgment by order, accompanied by an unpublished memorandum, and remanded the case to the District Court. Since it was the basis for the District Court's action which resulted in the present appeal we quote the pertinent part of the memorandum:

Appellant's counsel raised the issue that plaintiff is entitled to compensation, including attorney's fees, because on certain matters, e. g., the "problems" issue, there was a failure to comply with the District Court judgment of June 6, 1971, until plaintiff's counsel took steps to investigate, prepare a show cause order, present the matter to the District Court, etc. Here again, discretion is involved. The mere fact that defendants were not in contempt as of February, 1972, does not mean that plaintiff was not entitled to compensation for the efforts taken in order to secure compliance at an earlier date, and correction of an outstanding violation. The defendants had not obtained a stay, and were not entitled to impose their own stay without liability to compensate plaintiff. While a judgment involving on-going relationships presumably reflects a reasonable-time allowance for compliance, in this case there may well have been, as Government counsel admitted, some excessive delay in certain particulars. Whether this delay, or these matters, warrant an order compensating plaintiff for part of the expenses incurred is a matter on which we have no findings or discussion of

the District Court. The case is remanded to the District Court for that purpose, with latitude to enter such compensatory order as the District Court deems sound in law.

At the hearing following remand, held March 26, 1973, the District Court framed the issue as follows:

This case is before the Court for consideration of costs or fees on behalf of the [appellee], having been remanded from the Court of Appeals for that purpose alone.

* * * * * *

I think it is a question of bad faith rather than the length of time . .. [w]hich has been found and has been decided by the Court of Appeals did exist . . ..

In response to government counsel's rejoinder that there had been no showing of bad faith on the part of Mr. Morton or the other defendants the court inquired: "Why do you think they [the Court of Appeals] sent it for us to consider the costs?" Declining to inquire further into the question of bad faith, or the question whether delay in compliance with the June 16 reinstatement order had been excessive or unreasonable, the court ruled:

The Court will entertain an order and we have considered the matter and we will make a finding in behalf of [Mr. Lander] for a sum certain as we figure it out to be against the United States.

It will not be against the individuals. The order will be forthcoming. After both counsel pointed out to the court that the United States was not a party to the action, the court said, "That will cause us a little more problem. . . . It will take a little figuring out, but we will do it. It will be against Secretary Morton only."

On April 30, 1973 the District Court filed its findings of fact and conclusions

of law. The court found that the plaintiff had incurred reasonable and necessary expenses in the amount of $4,678.66 "in investigating and in prosecuting contempt proceedings to obtain full compliance with this Court's June 16, 1971 Order". The expenses were itemized as follows:

| | | |
|---|---|---|
| a. | Lost Wages | $ 845.44 |
| b. | Attorney's Fees | 3,700.00 |
| c. | Court costs | 109.00 |
| d. | Photographs | 19.23 |
| e. | Illustrator Board | 4.99 |
| | | $4,678.66 |

The court found further that the plaintiff had incurred reasonable and necessary expenses in the amount of $5,114.40 "in securing full relief in connection with his appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Order dated February 2, 1972". The itemized expenses were:

| | | |
|---|---|---|
| a. | Court costs | $ 27.25 |
| b. | Appeal Bond Costs | 10.00 |
| c. | Printing Costs | 807.15 |
| d. | Legal Fees | 4,270.00 |
| | | $5,114.40 |

The court concluded that there had been excessive delay in restoring Mr. Lander's duties as Security Officer and Certifying Officer, and in deleting references to "problems" in his personnel file; and the court ordered Secretary Morton to pay $5,000 to Mr. Lander as "a reasonable amount to compensate the Plaintiff for the actual damages he sustained as a result of the excessively delayed compliance with this Court's Order." Secretary Morton appeals.

■ A court may award compensatory damages against a losing party who has been held in contempt of court for willful disobedience of a court order, or who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *See Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Lichtenstein v. Lichtenstein,* 481 F.2d 682, 684 (3rd Cir. 1973), *cert. denied,* 414 U.S. 1144, 94 S.Ct. 895, 39 L.Ed.2d 98 (1974); *Bernstein v. Brenner,* 320 F.Supp. 1080, 1086–1087 (D.D.C.1970).

■ In this case the District Court found that Secretary Morton was not in contempt of court, and this judgment was affirmed. Moreover there has never been any finding either by the District Court or by this court that the Secretary acted in bad faith, vexatiously, wantonly or for any oppressive reasons. Indeed the record is silent as to what, if anything, Mr. Morton had to do with any delays in carrying out the order of the District Court. He was not vicariously liable for the actions of his subordinates. *Robertson v. Sichel,* 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203 (1888); *Tucker v. Duke,* 107 U.S.App.D.C. 253, 254, 276 F.2d 499, 500 (1960) (Bazelon, *Circuit Judge, concurring*). The initial reaction of the District Court, that judgment for damages would run only against the United States, indicates the lack of any evidence or finding justifying a judgment against the Secretary or any other individual.

■ We remanded this case for findings by the District Court as to whether any delays that occurred warranted "an order compensating plaintiff for part of the expenses incurred". The issues to be tried on remand were (1) whether Secretary Morton had anything to do with any delay; (2) if Secretary Morton did participate in the decisions or activities resulting in delay, whether he acted in bad faith or was in any way guilty of egregious conduct; (3) whether any excessive delay was excusable in view of the circumstances. Exploration of these issues before the District Court required a hearing in which the burden was on the plaintiff to produce evidence justifying a finding that Secretary Morton himself was responsible for unnecessary delay and acted in bad faith, or was otherwise guilty of egregious conduct. *See Lichtenstein v. Lichtenstein, supra,* 481 F.2d 682 (3rd Cir. 1973), *cert. denied,* 414 U.S. 1144, 94 S.Ct. 895, 39 L.Ed.2d 98

(1974). No such hearing was held; on the contrary the District Court assumed the existence of facts that were never proven and without more held the Secretary personally responsible. This was error.

 Finally, we are puzzled by the District Court's computation of $5,000 as the amount of damages to be awarded. Absent any explanation of this computation we are unable to tell whether the award included compensation for expenses incurred by Mr. Lander in prosecuting his appeal in this court, or punitive damages. On remand such an explanation should be made. Expenses relating to the appeal should not be included in any award of compensation. *See Nelson v. Steiner,* 279 F.2d 944 (7th Cir. 1960).

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

*So ordered.*