**Howard BARNSTONE, Plaintiff,**

v.

**Robert McKEEVER, District Director and Amos Jackson, Defendants.**

**Civ. A. No. 76–H–1063.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 18, 1979.

Robert C. Richter, Jr., Houston, Tex., for plaintiff.

Robert G. Darden, Asst. U. S. Atty., Southern District of Texas, Houston, Tex., Suzanne O'Neill, Dept. of Justice, Tax Div., Dallas, Tex., for defendants.

CIRE, District Judge.

Plaintiff, Howard Barnstone, brought this action against Robert McKeever, District Director of the Internal Revenue Service, and Amos C. Jackson, a former Internal Revenue Service examining officer. Plaintiff seeks refund of additional taxes assessed against him pursuant to 28 U.S.C. § 1346(a)(1), and damages for alleged violations of his 5th and 7th Amendment rights. Two motions filed by the Defendants are presently before the Court. The first, a Motion to Substitute Parties, relates only to the cause of action under 28 U.S.C. § 1346(a)(1). The second, a Motion for Par-

tial Summary Judgment, concerns the Plaintiff's cause of action against the Defendants in their individual capacities.

## THE MOTION TO SUBSTITUTE PARTIES

█ Defendants seek to have the United States substituted as the Defendant in Plaintiff's action under 28 U.S.C. § 1346(a)(1), for the reason that the United States is the real party in interest on the question of whether the Plaintiff is entitled to a refund of federal income tax. This motion will be granted.

Title 28, United States Code, Section 1346(a)(1), gives a District Court original jurisdiction, concurrent with the Court of Claims over a "civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." Such actions are to be maintained only against the United States and not against any officer or employee of the United States. 26 U.S.C. § 7422(f)(1). The procedure to be followed by a District Court in cases where an action is improperly brought against an officer or employee of the United States is specified in 26 U.S.C. § 7422(f)(2):

> ". . . the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee as of the time such action commenced, upon proper service of process on the United States."

## THE MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants seek summary judgment on the Plaintiff's claim against them individually for damages for alleged violations of the Plaintiff's constitutional rights. The Defendants maintain that the Plaintiff's complaint fails to state a claim upon which relief can be granted and that this action is barred by absolute or qualified immunity.

█ The Supreme Court has recently held that federal executive officials exercising discretion are entitled only to the qualified immunity specified in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974), in a suit for damages arising from unconstitutional action. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978).

█ The *Scheuer* principle of qualified immunity has been applied in actions for damages against IRS agents individually in *G. M. Leasing Corp. v. United States,* 560 F.2d 1011 (10th Cir. 1977); *Mark v. Groff,* 521 F.2d 1376 (9th Cir. 1975); and *Weir v. Muller,* 527 F.2d 872 (5th Cir. 1976).

█ Not every allegation of deprivation of constitutional rights can be made the basis of a damage claim. "Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss." *Butz v. Economou,* supra, at 98 S.Ct. 2911. The initial inquiry, therefore, is whether the facts as alleged by the Plaintiff and as stated in the affidavits and deposition filed with the motion for partial summary judgment, constitute a violation of the Plaintiff's 5th and 7th Amendment rights.

Howard Barnstone's 1971 and 1972 individual income tax returns were audited by the Defendant, Amos Jackson, and due to the disallowance of the deductions claimed, additional taxes were assessed against Mr. Barnstone, by the IRS. The Plaintiff maintains that his rights to due process of law were violated by the actions of the Defendants in threatening to seize his property and by the fact that he was required to pay the alleged assessment in order to give this Court jurisdiction of his suit to attack it. Plaintiff cites the audit, the actions of the Defendants in seeking to collect the amount alleged to be due, and his eventual payment of the assessment before he could object to it, as being violative of his 5th and 7th Amendment rights.

█ A taxpayer who feels that taxes are being improperly assessed against him has the option of either refusing to pay the assessment and filing an appeal with the Tax Court; or he may pay the assessment, file a proper claim for refund, and sue in

the District Court or the Court of Claims for recovery of the assessment. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958); *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); 26 U.S.C. § 7422. For such a taxpayer to obtain a trial by jury, he must do as Mr. Barnstone has done herein; that is, pay the tax and sue for its return in District Court pursuant to 28 U.S.C. § 1346(a)(1). The 7th Amendment does not guarantee a right to a jury trial in a suit against the United States in the Tax Court. *Mathes v. Commissioner of Internal Revenue,* 576 F.2d 70 (5th Cir. 1978), cert. denied, 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459. The Plaintiff's 7th Amendment claim is unfounded. He has chosen the method of attacking the tax assessment which provides, rather than denies, his right to a jury trial.

The Plaintiff's 5th Amendment right to due process has not been abridged by reason of his choice to pay the alleged tax assessment and to sue for a refund in this Court. Although payment of the alleged taxes due as a precondition to sue for their return as required by 28 U.S.C. § 1346(a)(1), places a burden on a taxpayer, it is not such as to deprive him the fundamental processes of fairness required by the 5th Amendment. *Johnston v. Commissioner of Internal Revenue,* 429 F.2d 804 (6th Cir. 1970).

The Plaintiff has additionally alleged that the audit of his tax returns and the attempts by the Defendants to collect the taxes due were done for harassment purposes in violation of his due process rights. A thorough review of the pleadings, the affidavits of all parties, and the deposition of Amos Jackson, reveal that the two Defendants were each personally involved in one action take in relation to the Plaintiff. Agent Jackson's involvement extends no further than the actual audit of the two years' tax returns. Director McKeever signed one letter which was sent to the Plaintiff's attorney. Plaintiff has failed to put forth any showing that the Defendants personally participated in, di-

rected, or even had knowledge of any of the other actions about which he complains. A Plaintiff may not rely on the general doctrine of respondeat superior in actions against government officials, but is required to make some showing of personal involvement or responsibility. *Black v. United States,* 534 F.2d 524 (2nd Cir. 1976); *Lander v. Morton,* 171 U.S.App.D.C. 146, 518 F.2d 1084 (D.D.C.1975); *Chestnut v. City of Quincy,* 513 F.2d 91 (5th Cir. 1975); *Economou v. Butz,* 466 F.Supp. 1351 (S.D.N.Y.1979). Thus, the remaining discussion will refer only to these two actions.

The doctrine of qualified immunity clearly shields these Defendants from any personal civil liability to the Plaintiff for their conduct in relation to him. Under the qualified immunity doctrine, a government officer performing acts in the course of official conduct is insulated from damage suits if, at the time and in light of all circumstances, there existed reasonable grounds for the belief that the action was appropriate and the officer acted in good faith. *Scheuer v. Rhodes,* supra, at 94 S.Ct. 1692. The applicability of this defense may be determined on a properly supported motion for summary judgment. *Butz v. Economou,* supra, at 98 S.Ct. 2894.

The affidavits of the Defendants establish that their actions were taken in the course of their official duties. This conclusion is inescapable in light of the "outer perimeter" test outlined in *Barr v. Mateo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). See also *Evans v. Wright,* 582 F.2d 20 (5th Cir. 1978). Further, the actions of the Defendants involved the exercise of discretion. *Jackson v. Wise,* 385 F.Supp. 1159 (N.D. Utah 1974).

The remaining inquiry is whether, at the time and in light of all the circumstances, the Defendants acted in good faith and with reasonable grounds to believe that their actions were appropriate. *Scheuer v. Rhodes,* supra, at 94 S.Ct. 1692. The Defendants have professed their good faith and belief in the appropriateness of their actions in the summary judgment evidence

before this Court, making it incumbent upon the Plaintiff to set forth specific facts showing that there is a genuine issue for trial as to whether the Defendants were acting outside the line and scope of their official duties and whether they acted unreasonably and with malice. *Norton v. McShane*, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965); *Princeton Community Phone Book, Inc. v. Bate*, 582 F.2d 706 (3rd Cir. 1978), cert. denied, 439 U.S. 966, 99 S.Ct. 454, 58 L.Ed.2d 424 (1978). Rule 56(c) of the Federal Rules of Civil Procedure provides that a party opposing a motion for summary judgment may not rest upon his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Norton v. McShane*, supra.

 The affidavits submitted on behalf of the Plaintiff fail to raise any triable issues of fact with respect to whether the Defendants were acting outside the scope of their authority and in bad faith. Plaintiff's conclusory allegations with respect to his involvement in the liberal democratic party and his view that the Defendants' activities were recriminatory are insufficient to put into dispute the Defendants' motivation. *White v. Boyle*, 538 F.2d 1077 (4th Cir. 1976); *Tritsis v. Backer*, 501 F.2d 1021 (7th Cir. 1974). Nothing factual has been offered by the Plaintiff to support his bare allegations of harassment.

Based upon the foregoing, the action against the Defendants, Amos Jackson and Robert McKeever, in their capacities as individuals for alleged violations of the Plaintiff's constitutional rights, will be dismissed. The United States will be substituted as the only party Defendant remaining in this case for purposes of responding to the Plaintiff's cause of action under 28 U.S.C. § 1346(a)(1). The Plaintiff will amend his complaint accordingly and cause proper service of process to be had against the United States.

It is so ORDERED.