Dougal C. POPE, Plaintiff,

v.

Jacqueline HORGAN, Defendant.

Civ.A.No. H–79–2394.

United States District Court,
S. D. Texas,
Houston Division.

May 3, 1982.

Rudy M. Groom, Houston, Tex., for plaintiff.

Robert B. Truelson, II, Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

SINGLETON, Chief Judge.

This is an action for actual and punitive damages brought by plaintiff, Dougal C. Pope, against Defendant, Ms. Jacqueline Horgan, an employee of the Internal Revenue Service, arising from defendants recommendation that plaintiff be assessed a penalty for negligent preparation of his client's tax return. Defendant moved this court to dismiss plaintiff's amended complaint or for summary judgment upon the grounds that 1) this suit is barred by the doctrines of absolute and qualified immunity; 2) plaintiff failed to state a cause of action upon which relief can be granted in that the actions allegedly engaged in by the defendants and the injury allegedly inflicted on the plaintiff fail to establish violation of a constitutional right; and 3) plaintiff failed to state his claim with sufficient specificity.

This court denied defendant's motion in a Memorandum and Order filed on September 15, 1980. The basis for this Court's denial of the summary judgment motion was that 1) defendant is entitled to a qualified immunity but the existence of a genuine issue of material fact as to her good faith precluded the granting of a summary judgment in her favor on the basis of immunity; 2) plaintiff stated a claim upon which relief could be granted, as his claim that defendant's action in recommending he be assessed a penalty in retaliation for a previous incident and for arguing against defendant's decision on a tax deduction is cognizable as a constitutional tort, and his allegations of mental anguish and emotional distress as a result of defendant's actions are sufficient allegations of injury; and, 3) the pleadings state a claim sufficiently specific to satisfy rules 8(a) and 12(e) of the Federal Rules of Civil Procedure.

Pursuant to leave of court granted on September 1, 1981, defendant renewed her motion to dismiss or for summary judgment based on new cases decided after her original motion was filed and additional affidavits of IRS employees associated with the case at issue. It is this motion that is before the court and that the court rules on today. This court is of the opinion that defendant's motion for summary judgment should be granted. For, whether defendant is afforded an absolute immunity or a qualified immunity, she is immune in this case because, based on a review of the law and facts now before the court, this court is of the opinion that defendant acted in reasonable good faith and is therefore immune from damage liability.

Defendant Horgan is a Supervisory Tax Technician with the Internal Revenue Service. Plaintiff Pope, an attorney, signed the 1977 income tax return of Ms. Sandra Brown ("taxpayer") as its preparer. On the return, taxpayer claimed a deduction of $25,000 as a casualty loss, which she claimed represented money she loaned to an individual in 1976 that was not repaid to her in 1977. Taxpayer also claimed a deduction that was attributable to that area of her personal residence that she used to keep track of her investments and to grade papers in connection with her employment as a teacher.

Taxpayer's 1977 income tax return was selected for audit by the IRS and was assigned to Darlene Brister, a tax auditor with the IRS in Houston. Defendant Horgan was the immediate supervisor of Ms. Brister. Taxpayer attended the office audit and was represented by Mr. Douglas Waits. During this office audit, Mr. Waits and the taxpayer met with Ms. Brister and explained the circumstances surrounding the $25,000 theft-loss deduction. With respect to the "office-in-the-home expense", taxpayer explained that it was attributable to a portion of her home that she used to maintain records concerning her investments.

Ms. Brister informed the taxpayer and Mr. Waits that it was her opinion that the theft-loss was not allowable as reported on the return and that the "office-in-the-home" expense deduction should not be allowed because keeping track of the taxpayer's investment is a personal expense not deductable under section 280A of the Internal Revenue Code of 1954. Ms. Brister informed the taxpayer that, if she did not agree with Ms. Brister's conclusions, she could appeal or take a period of time to decide whether she wanted to agree or appeal. The taxpayer decided to appeal. Ms. Brister did not tell Mr. Waits that she intended to impose or recommend any preparer penalty in connection with the taxpayer's return.

On March 12, 1979, Ms. Brister wrote a letter to plaintiff, informing him that the IRS was considering assessment of a penalty for preparation of the return, pursuant to section 6694(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 280A, which provides that the penalty is applicable if a preparer is negligent or intentionally disregards the rules or regulations of the Internal Revenue Service. The relevant portion of Ms. Brister's letter provides:

Section 280A of the IRC specifies that no deduction shall be allowed for the use of

a dwelling unit which is used by the taxpayer during the taxable year as a residence unless it is used regularly and exclusively:

(1) as the taxpayer's principal place of business

(2) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or

(3) as a separate structure used in your trade or business and not attached to the dwelling unit.

The business use of the home must be directly related to or used in connection with the taxpayer's trade or business. The taxpayer claimed these expenses in connection with her investment activities which is a profit seeking activity and does not constitute a trade or business. The claiming of this unallowable deduction indicates negligence on your part in preparing the return.

Following this letter Mr. Pope called Ms. Brister and then Ms. Horgan concerning the proposed penalty, which was the first contact between Mr. Pope and Ms. Brister and between Mr. Pope and Ms. Horgan concerning the proposed penalty. Ms. Horgan, however, had previously spoken with plaintiff concerning a different tax matter. In plaintiff's words:

Plaintiff and Defendant Horgan were not strangers, as approximately six months previously they had a heated discussion on an audit which one of Horgan's subordinates had prepared. In that discussion, plaintiff made some uncomplimentary remarks about Horgan which were still fresh in her mind when she decided to impose the negligence penalty because plaintiff interpreted section 280A different from that of her and Brister.

Plaintiff's answer to Defendant Horgan's Motion to Dismiss or for Summary Judgment, at 3.

A series of letters between plaintiff, defendant, Ms. Brister, and other IRS employees ensued, in which plaintiff argues that the "office-in-the-home" deduction was appropriate because the taxpayer is a schoolteacher and it is necessary for her to do work at home in connection with her job, since the school does not provide an office for her to use after school hours for grading papers. Ms. Horgan and Ms. Brister maintained that this was not a reasonable interpretation of the IRS provision and that the deduction was still not allowable as to taxpayer because she had not complied with the prerequisites for the deduction, as required by section 280A of the Internal Revenue Code, that it be used regularly and exclusively as the taxpayer's principal place of business, as a place of business which is used for meeting clients in the normal course of business, or as a separate structure, detached from the house, which is used in taxpayer's trade or business.

The taxpayer appealed her case to the Regional Appeals Office in Houston, Texas. Here, it was determined that the so-called $25,000 theft loss deduction should be allowed. This resulted in an overall loss on the taxpayer's return for the year 1977 and she did not owe any income tax on that return. The issue as to the office expense deduction therefore became moot after the $25,000 loss was allowed to the taxpayer.

Mr. Pope's case was closed unagreed at the audit level after Ms. Horgan's decision to allow the penalty proposal proceeding to continue. The case was forwarded to the Austin Quality Review Staff, which is responsible for terminating proceedings having no merit and inadequately developed cases. The case was not terminated there, but was forwarded to the Appellate Staff in Houston for adjudication. There, the case was decided in plaintiff's favor on grounds of mootness, and the penalty was never assessed.

As previously noted, this court determined in its Memorandum and Order filed September 15, 1980 that defendant Horgan was entitled to a qualified immunity in her position with the IRS,[1] but that the facts of

---

1. The opinion of this court as to the type of immunity due the defendant was based on the

decisions of the Supreme Court in *Scheuer v.*

the case then before the court precluded the granting of defendants' motion for summary judgment:

> *Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). In *Scheuer*, the Supreme Court held that state officials were entitled to a qualified immunity for actions taken in the course of official conduct in which there existed a "reasonable grounds for belief formed at the time and in light of all the circumstances, coupled with good faith belief." 416 U.S. at 247–48, 94 S.Ct. at 1692. In *Butz*, the Supreme Court extended the qualified immunity based on a reasonable good faith belief to actions of federal executive officials taken in exercising their discretion:
>
>> [I]n a suit for damages arising from unconstitutional action, federal executive officials exercising discretion are entitled only to the qualified immunity specified in *Scheuer*, subject to those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of public business.
>
> *Id.* at 507, 98 S.Ct. at 2911. In determining whether there exists exceptional situations where an absolute immunity is required, the court focussed on the degree of the official's discretion in performing his duty and whether absolute immunity was required in order for the official to perform his function without harassment or intimidation. The court also looked to the system within which the official functioned, and noted that where the features of the system itself tended to "enhance the reliability of information and the impartiality of the decision making process, there is less need for individual suits to correct constitutional error." *Id.* at 512, 98 S.Ct. at 2914.
>
> Based on these considerations, the court determined that the same absolute immunity accorded to those involved in the judicial process should apply to those who participate in adjudication within a federal administrative agency and to those agency officials who perform certain functions analogous to those of a prosecutor. The latter group includes agency officials who have a broad discretion in deciding whether an agency proceeding should be brought and the sanctions applicable. This discretion might be distorted by the threat of an action for damages by one against whom they decide to authorize proceedings. Thus, where the proceeding itself affords an opportunity to challenge the legality of that proceeding before an impartial trier of fact, those officials "responsible for deciding whether to initiate or continue a proceeding subject to agency adjudication are entitled to absolute immunity from damages liability for their parts in that decision." *Id.* at 516, 98 S.Ct. at 2916.
>
> In the case before this court, defendant Horgan is a Supervisory Tax Technician with the Internal Revenue Service. In denying defend-

ant's first motion for a summary judgment, this court determined that defendant Horgan's position with the Internal Revenue Service did not fall within one of the exceptions to qualified immunity outlined in *Butz*:

> Defendant Horgan's position as supervisor of a Tax Auditor's Group entitled her to qualified immunity from suits alleging unconstitutional torts. Her job involves the exercise of discretion in a non-prosecutorial and non-adjudicative content. As supervisor, she oversees tax auditors who determine taxpayers' liabilities without a hearing. Once the amount of liability is determined, the taxpayer may pay the amount, pay and seek a refund, or appeal the liability to the appellate staff. The supervisor does not proceed against the taxpayer as a prosecutor or attorney; she does not act as a judge in a hearing. Similarly, Horgan's decision to approve a recommendation that a penalty be assessed against Pope was not prosecutorial. The recommendation was sent to Pope for his comment and to the IRS District Office in Austin, Texas.... An Appeals Officer assigned by the District Office Staff would have proceeded against Pope, had it been necessary. Thus neither defendant Horgan's position nor her actions in this case involve prosecutorial or adjudicative responsibilities.

Defendant, in the renewed motion for summary judgment, requests this court to re-examine the nature of defendant's position with the IRS in light of *Stankevitz v. IRS*, 640 F.2d 205, 206 (9th Cir. 1981), in which the Ninth Circuit held IRS personnel responsible for auditing accounts and assessing penalties absolutely immune under *Butz* because they are officials "responsible for the decision to initiate or continue a proceeding subject to agency adjudication". *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 516, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978)). Defendant argues that the process of making a penalty assessment under the IRC is a process subject to agency adjudication and review:

> [A]n IRS auditor's actions are reviewed by his supervisor, in this case, Ms. Horgan. If the taxpayer is dissatisfied with the results there, the case is closed "unagreed" and forwarded to the Quality Review Staff, which reviews the case to determine whether to reverse or approve the IRS position. Afterwards, if the taxpayer desires, the case will be sent to the Appellate Staff for further conference with the taxpayer, review and adjudication. Furthermore, the taxpayer may request technical advice for review by the National Office of the IRS. If the preparer penalty assessment is made, the taxpayer may pay $15., fifteen percent of the penalty assessed, and file a claim for refund with the

The unresolved question of fact regards Horgan's motivation for approving of the penalty recommendation against the

plaintiff. If her decision evinced retaliatory or vindictive purposes, then the qualified immunity which otherwise protects her would dissolve. The plaintiff alleges that Horgan approved of the penalty recommendation "to get even with him" for unpleasant remarks he made to her on the telephone in April, 1978.

In finding a material issue of fact as to her good faith, based on what her motivation was, this court refused to grant a summary judgment on the basis of qualified immunity. In so finding, we brushed over this area too lightly. "Motivation" is not necessarily synonymous with good faith for purposes of immunity.

The standard for determining the availability of a qualified immunity was set out in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974):

> It is the existence of reasonable grounds for the belief formed at the time in light of all the circumstances, coupled with

IRS where his claim that the assessment is improper will be further reviewed by the IRS. If the taxpayer is dissatisfied with the results there, he may take his complaint to the courts for final review and determination. Defendant's Brief in Support of her Renewed Motion to Dismiss or for Summary Judgment, at 11–12 (citations omitted). Thus defendant argues that Ms. Horgan should be afforded absolute immunity because her job entails the discretion to initiate or continue a proceeding subject to agency review and the assessment process allows the taxpayer the opportunity to challenge the merits of the proceeding itself. Because there are checkpoints of agency and judicial review, the individual rights are sufficiently protected. And, finally, defendant argues that if absolute immunity is not afforded, the official may be prone to ignore the dictates of what ought to be done in discharge of his duty for fear that the individual would subject the official to suit by the mere allegation of malice.

As the issue of whether defendant in this case is entitled to an absolute or a qualified immunity is not determinative in our ruling on defendant's renewed motion for summary judgment, we decline the opportunity to re-decide the issue at this time. We do note, however, that the federal courts have been inconsistent in their treatment of these cases. Perhaps this inconsistency results from failure of the courts in deciding cases such as this to sufficiently describe the nature of the duties of the IRS officials involved, and whether their duties and the agency process involved mandate absolute immunity under the exception outlined by the Supreme Court in *Butz. See, e.g., Stankevitz v. IRS*, 640 F.2d 206 (9th Cir. 1981) (IRS agents responsible for auditing accounts and assessing penalties are absolutely immune); *Human Engineering Institute v. Abbott*, 611 F.2d 372, 80–1 U.S.T.C. p. 9273 (6th Cir. 1979) (IRS Special Agent, Revenue Agent, Assistant Regional Counsel, Staff Assistant to the Regional Counsel and District Director are Entitled to qualified immunity. IRS officials representing the IRS in judicial proceedings entitled to greater immunity as they are responsible for commencing and guiding litigation within the exception of *Butz.); Lillibridge v. Morton*, 605 F.2d 557, 79–2 U.S.T.C. p. 9623 (6th Cir. 1979) (former and present IRS Commissioners, District Director and three agents conducting an investigation entitled to qualified immunity); *Satterly v. United States*, No. 81–CV–448 (N.D.N.Y. Feb. 10, 1982) (District Director of IRS absolutely immune in connection with assessment of deficiency); *Udey v. District Director*, 82–1 U.S.T.C. p. 9201 (W.D.Ark. Jan. 22, 1982) (District Director of IRS absolutely immune in connection with assessment of taxes and penalties, or alternatively, is entitled to a qualified immunity); *Life Science Church v. Jania*, 525 F.Supp. 399, 81–2 U.S.T.C. p. 9798 (N.D.Cal. 1981) (District Director of IRS entitled to qualified immunity in connection with assessment of taxes). *Dedman v. Vowell*, 81–1 U.S.T.C. p. 9207 (E.D.Ark.1981) (agents of IRS responsible for assessing tax liability are absolutely immune, or in the alternative are entitled to a qualified immunity); *Chambers v. Witten*, 80–2 U.S.T.C. p. 9591 (W.D.Ky.1980) (agents of IRS responsible for collection of taxes are entitled a qualified immunity); *Fry v. Melangro*, 81–1 U.S.T.C. p. 9182 (S.D.Ohio 1980) (employees of IRS Examination Division who had task of auditing plaintiff's income tax liability and commenced civil action in District Court to enforce summons entitled to qualified immunity); *Reith v. Prentice*, 80–1 U.S.T.C. (N.D.Ind.1980) (revenue officer responsible for collecting taxes owed entitled to qualified immunity); *Barnstone v. McKeever*, 477 F.Supp. 108, 80–1 U.S.T.C. p. 9365 (S.D.Tex.1979) (District Director of IRS and Examining Officer entitled to qualified immunity); *Dehoff v. Williams*, 79–1 U.S.T.C. p. 9326 (E.D.Ark.1979) (District Director of IRS and Internal Revenue Agent, responsible for collection of deficiencies, absolutely immune, or alternatively, are entitled to a qualified immunity); *Meyers v. Dahms*, 79 U.S.T.C. p. 9428 (D.Colo.1979) (IRS officials responsible for assessing deficiency and collecting deficiency by levy are entitled to a qualified immunity); *Rylander v. Demandant*, 80–1 U.S.T.C. p. 9141 (E.D.Cal.1979) (District Director of IRS, IRS Investigator, and Revenue Agent entitled to qualified immunity).

good faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct.

*Id.* at 247–48, 94 S.Ct. at 1692. Thus, there are both subjective and objective components. The subjective standard for good faith is whether the official took the action with the belief that it was lawful and without malicious intent to cause, or knowledge that the action would cause, a deprivation of constitutional rights. *Wood v. Strictland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975); *Scheuer v. Rhodes,* 416 U.S. at 248, 94 S.Ct. at 1692 (made applicable to federal executive officials in *Butz v. Economou,* 438 U.S. 478, 510–511, 98 S.Ct. 2894, 2912–2913, 57 L.Ed.2d 895 (1978)). The objective standard is whether, given the responsibilities of the job and amount of discretion available to the official and the circumstances as they reasonably appeared at the time, it was reasonable to believe that there was a lawful right to take the action. *Id.*

■ This court is of the opinion that there is no issue of material fact with regard to defendant Horgan's actions. The facts now before the court make it clear that the decision to affirm the assessment of the preparer's penalty was within defendant's discretion as a Supervisory Tax Technician with the Internal Revenue Service. She acted with the belief that the action was lawful and without malicious intent to cause, or knowledge that the action would cause, any deprivation of constitutional rights. In her supplemental affidavit, defendant states that it was her belief that *no reasonable interpretation* of section 280A would allow a deduction for an office-in-the-home to taxpayer here because 1) the home is neither her primary place of business nor a place where she met clients, etc.; 2) the exclusive use test was not met because it was also used for investment purposes; 3) it was not required by her employers; and 4) no income was earned at home, and the deduction must be limited to the amount of income earned from use of the home. With respect to any allegations of retaliation, she states in her affidavit that she had previously had a conversation with Mr. Pope, but she didn't remember it at the time the penalty assessment against him was under consideration. It is also beyond dispute that, given the discretion available to her and the circumstances as they reasonably appeared at the time, it was reasonable for her to believe that there was a lawful right to take the action. *See* Supplemental Affidavit of Jacqueline Horgan; Affidavit of Hardan Guettermann; Affidavit of Fern Shubert.[2]

Because defendant Horgan acted in good faith with a reasonable belief as to the lawfulness of the action, she is immune from any liability with respect to that action. Therefore, defendant's renewed motion for summary judgment should be granted on the basis of defendant's immunity. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that defendant's renewed motion

---

2. In his affidavit, Harlan Guettermann, Appeals Officer with the IRS states:

[I]t is my opinion that in view of the statutory provisions of Section 230A of the Internal Revenue Code, the statutory provisions of Section 6694, and in view of the arguments made by Mr. Pope on his behalf, both Ms. Brister and Ms. Horgan had no choice but to initiate and continue the proceeding ... because the argument made by Mr. Pope was of a most extreme nature.... Although I never actually had to decide whether Mr. Pope had disregarded the provisions of Section 280A, it certainly appears that there was a reasonable basis and probable cause for Ms. Horgan and Ms. Brister to initiate and continue the proceeding.

Guettermann Affidavit, at 4.

Fern Shubert, Associate Chief of the Houston, Texas Appeals Staff Office of the IRS states in a memorandum attached to his affidavit as exhibit 3:

I do not ... believe that in this instance there is a legitimate difference [in interpretation of Section 280]. It is my impression that Mr. Pope intentionally misreads the law, and that impression was strengthened by his statement, after I had gone over the Code and reports, that regardless of what anyone said, he would continue to claim office in the home on employee returns such as the one giving rise to the proposed penalty.

Fern Affidavit, exhibit 3.

for summary judgment be, and the same hereby is, GRANTED.