**AIR AMERICA, INC., Plaintiff,**

v.

**HATTON BROTHERS, INC., Defendant.**

**No. 80-8012-Civ-JCP.**

United States District Court
S.D. Florida.

Aug. 31, 1983.

stantial evidence to support his action taken pursuant to delegated legislative authority. *Cf.*

Robert Wiggins, Miami Shores, Fla., for plaintiff.

*T.M. Duche & Sons, Inc. v. United States,* 36 CCPA at 27.

George Harris, Bratten & Harris, West Palm Beach, Fla., for defendant.

## CONTEMPT ORDER

PAINE, District Judge.

This cause is before the Court for consideration of Hatton Brothers, Inc.'s MOTION FOR CONTEMPT AND MOTION FOR SANCTIONS filed via Docket Entry # 46 on May 10, 1983. This Court entered a Final Judgment in this cause on November 19, 1982. That judgment required the Plaintiff to deliver possession of the subject aircraft, a Cessna 414, manufacturer's serial number 4140090, tail number N21JW, to the Defendant. The Plaintiff's response to the Defendant's motions was filed via Docket Entry # 47 and indicated that the Plaintiff was willing to quit claim its interest in the aircraft. Because title had already been vested in Hatton Brothers, Inc. in the Federal Aviation Administration records pursuant to the entry of this Court's final judgment, a hearing was scheduled for June 10, 1983 to give the Plaintiff an opportunity to show cause why it should not be held in contempt for its failure to turn over possession of the aircraft in accordance with the final judgment.

At the June 10th hearing, the Plaintiff was represented by counsel who argued that the United States Supreme Court had granted certiorari in *Philko Aviation, Inc. v. Shacket,* a case which counsel for the Plaintiff contended addressed an issue identical to the one presented in the case at bar. It should be noted, at this point, that the Defendant filed a motion for summary judgment on April 30, 1982 to which Plaintiff failed to file a response. The Defendant filed a renewed motion for summary judgment on July 28, 1982 and, again, the Plaintiff failed to file a responsive pleading. The Defendant's motion for summary judgment was granted on November 2, 1982 and final judgment was entered on November 19, 1982. The Plaintiff did not appeal this final judgment but now seeks to rely on an appeal filed in a totally separate case. Moreover, *Philko Aviation, Inc. v. Shacket,* —— U.S. ——, 103 S.Ct. 2476, 76 L.Ed.2d

678 (1983), is a case dealing with the protection provided to third-party, *bona fide* purchasers and in no way affects the rights as between parties to a contract. Because the Plaintiff was a party to the conveyance at issue in this case, the *Philko* decision is inapposite.

The second argument advanced by Plaintiff's counsel at the June 10th hearing was that Air America, Inc. had sold the aircraft prior to this Court's entry of summary judgment and that, accordingly, it was unable to comply with the final judgment. In this regard, it should be noted that the Plaintiff failed to file a motion to alter or amend the judgment pursuant to Fed.R. Civ.P. 59(e) setting forth its inability to comply therewith. At the hearing, the Plaintiff provided the Court with no documentary evidence of this transfer and was given an additional two weeks within which to provide the Court with evidence which would support its claim that it should not be held in contempt. On June 27, 1983, the Plaintiff filed a motion for an extension of time within which to comply with the Court's requirement for additional evidence, or any evidence at all. This motion was denied on July 1, 1983. On July 22, 1983, the Plaintiff filed a MOTION FOR RELIEF UNDER RULE 60. The Court presumes this motion was filed pursuant to Fed.R.Civ.P. 60(b)(6) although no specific reference is made to any section of that rule.

The Plaintiff's motion stated two grounds for relief: first, *Philko Aviation, Inc. v. Shacket,* —— U.S. ——, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983), has changed the law in this area; second, the aircraft has been sold twice since it was in the possession of Hatton Brothers, Inc. and the Plaintiff is therefore unable to comply with this Court's final judgment. Again, the U.S. Supreme Court's ruling in *Philko* deals with third-party, *bona fide* purchasers and is inapplicable to the issues presented in this case. As to the second ground, the affidavit of Fredrick John Luyjtes, president of Air America, Inc., states that the aircraft was sold by Mike Cortez to Al

Miller shortly after Air America, Inc. came into possession of it in 1981 and that it was subsequently resold by Al Miller to a corporation in the northeastern part of the United States. Aside from the fact that the Plaintiff failed to file a motion to alter or amend the final judgment in accordance with Fed.R.Civ.P. 59(e), Mr. Luyjtes' affidavit is in direct conflict with the FAA records attached to the Defendant's response, Docket Entry # 52. The FAA records indicate that Air America, Inc., by and through its president, Fredrick John Luyjtes, attempted to convey the aircraft to J & W Industries, Inc. by bill of sale in October, 1982. The FAA rejected this attempt to transfer the aircraft which was made by Air America, Inc. after the alleged conveyances to Mike Cortez and Al Miller because title had vested in Hatton Brothers, Inc. The Plaintiff's submission does not contain copies of these conveyances and the invoices for repairs which are attached to the motion are contradictory in that the Air America invoices list Al Miller as the owner and the Miller Aviation invoices list Air America as the owner. Moreover, it should be noted that at no time prior to the entry of final judgment were any of these purported transfers brought to the Court's attention.

Fed.R.Civ.P. 70 provides:

JUDGMENT FOR SPECIFIC ACTS; VESTING TITLE

If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party... The court may also in proper cases adjudge the party in contempt...

In view of the record in this cause, the Court finds it appropriate to hold Air America, Inc. in civil contempt for its failure to comply with the final judgment entered on November 19, 1983.

To distinguish criminal from civil contempt it is necessary to determine the nature and purpose of the sanction sought and imposed. This is especially true where, as here, the contumacious act may be either criminal or civil. (Citations omitted.)

Under the sanction test if the purpose of the relief is to compel the respondent to comply or to compensate the petitioner for the refusal, the contempt proceeding is civil in nature. If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal.

United States v. Asay, 614 F.2d 655, 659 (9th Cir.1980). The sanctions imposed by this order are meant to compensate the Defendant and compel the Plaintiff's compliance. Moreover, this Court finds it appropriate to hold Fredrick John Luyjtes, president of Air America, Inc., in civil contempt.

"A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt." Wilson v. United States, 1911, 221 U.S. 361, 376, 31 S.Ct. 538, 543, 55 L.Ed. 771, Ann.Cas. 1912D, 588. This applies to civil as well as criminal contempt. See Alemite Mfg. Corp. v. Staff, 2 Cir., 1930, 42 F.2d 832.

Parker v. United States, 126 F.2d 370, 379 (1st Cir.1942).

The Court also finds that the Defendant has incurred reasonable and necessary expenses in the amount of $3,797.22 in prosecuting contempt proceedings to obtain compliance with the final judgment entered in this case. See, Docket Entry # 52, Affidavit of Attorney's Fees. An award of compensatory damages against a losing party which has been held in contempt is in accord with the holding in Lander v. Morton, 518 F.2d 1084, 1087 (D.C.Cir.1975) citing

*Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975).

The affidavit of Barry Shatunoff, the owner/operator of Chandelle Aviation South, which is attached to the Defendant's response, Docket Entry # 52, indicates that "a reasonable, customary rental, lease and/or charter rate for a Cessna 414 on a monthly basis would be approximately $2,000 'net to owner' on a lease arrangement." In order to compensate the Defendant for the loss of the aircraft and to coerce compliance with this Court's final judgment, the Court holds that the Plaintiff shall pay the Defendant $2,000.00 for each month or fraction thereof during which the Plaintiff fails to comply. This period shall begin to run as of the date of the entry of this order of contempt. This finding is in accordance with *National Drying Machinery Co. v. Ackoff,* 245 F.2d 192, 193 (3rd Cir.1957), in which the Court stated:

> ... Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained ... Where compensation is intended, a fine is imposed, payable to the complainant for losses sustained. Such fine must of course be based upon evidence of complainant's actual loss.

As for the Plaintiff's argument that its inability to comply is a valid defense to the motion for sanctions, the Plaintiff had ample opportunity to notify this Court of the purported transfers prior to the entry of final judgment and by way of a Rule 59(e) motion after the entry of final judgment. The Plaintiff was afforded an additional opportunity to present evidence of his inability to comply at the hearing held on June 10, 1983. The Plaintiff's counsel appeared at this hearing but was unprepared to provide the Court with any evidence to support his client's position. The Plaintiff was then allowed an additional two weeks and eventually filed its Motion for Relief Under Rule 60 on July 22, 1983. Attached to this motion was the affidavit of Fredrick John Luyjtes which is contradicted by the FAA records and which is insufficient to show an actual transfer of the aircraft even if such transfer were appropriate while the case remained pending before the Court.

Disobedience of a court order need not be wilful in order to support a finding of civil contempt. (Citations omitted). While mere negligence may not be enough to support a finding of contempt, a lack of diligent effort to comply with the order is significant. As was stated in a trademark case, *Babee-Tenda Corp. v. Scharco Mfg. Co.,* 156 F.Supp. 582, 587 (S.D.N.Y.1957):

> They were required to take energetic steps to see that the orders of the court were carried out.

Inability to comply with a court order may be a defense to a charge of contempt, *United States ex rel. Emanuel v. Jaeger,* 117 F.2d 483, 488 (2d Cir.1941), but not if the defendant created his own inability.

*United States v. Swingline, Inc.,* 371 F.Supp. 37, 44–5 (E.D.N.Y.1974). The Plaintiff has failed to prove that it is unable to comply with the final judgment because of the valid transfer of the aircraft to a third party. Moreover, it is far from clear that such a transfer would have been appropriate during the pendency of the action, especially since the Plaintiff failed to notify this Court of such a transfer.

In view of the foregoing, it is

ORDERED and ADJUDGED as follows:

1. The Plaintiff's Motion for Relief Under Rule 60 is hereby Denied.

2. The Defendant's Motion for Sanction is hereby Granted.

3. Air America, Inc. and its president, Fredrick John Luyjtes are held to be in civil contempt of this Court for failing to comply with the final judgment entered on November 19, 1982.

4. Fredrick John Luyjtes shall be taken into custody by the U.S. Marshall and incarcerated until such time as the possession of

the subject aircraft is delivered to Hatton Brothers, Inc.

5. The Clerk of the Court shall provide the U.S. Marshal with the following address for Fredrick John Luyjtes:

Air America, Inc.
Wilkes-Barre/Scranton Int. Airport
Avoca, Pennsylvania 18641
(717) 343–1228

6. In order to compel compliance with this order and to compensate the Defendant for the loss of the aircraft, the Plaintiff, Air America, Inc., shall pay to the Defendant the sum of $2,000.00 for each month or fraction thereof during which the Plaintiff fails to comply with this order. This period shall begin to run as of the date of the entry of this order of contempt.

7. In order to compensate the Defendant for the reasonable and necessary expenses it incurred in prosecuting this contempt proceeding to obtain compliance with the final judgment in this cause, the Plaintiff shall pay to the Defendant the sum of $3,797.22.

8. The Plaintiff, Air America, Inc., shall be able to purge itself of the effects of paragraph 6 of this order by turning over possession of the subject aircraft to Hatton Brothers, Inc.

9. Fredrick John Luyjtes, President of Air America, Inc., shall be able to purge himself of the effects of paragraph 4 of this order by turning over possession of the subject aircraft to Hatton Brothers, Inc.