979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Joy EVANS, et al., Appellants
v.
Sharon Pratt KELLY, et al.
 No. 91-5237.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 16, 1992.
Rehearing and Rehearing En Banc
Denied Jan. 26, 1993.
 
 Before STEPHEN F. WILLIAMS, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir. Rule 14(c).
 
 
 2
 Appellants purport to be a class of individuals certified by the district court. The notice of appeal specifies, as the "parties taking the appeal" (Fed.R.App.P. 3(c)), "Joy Evans, et al." Joy Evans is deceased and the District of Columbia questions whether "et al." may, in any case, be considered specific enough to comprehend unnamed class members. Compare Walsh v. Ford Motor Co., 945 F.2d 1188, 1192 (D.C.Cir.1991); and Ooley v. Schwitzer Div., Household Mfg. Inc., 961 F.2d 1293, 1305-06 (7th Cir.1992); with Rendon v. AT & T Technologies, 883 F.2d 388, 398 n. 8 (5th Cir.1989); and Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1061 n. 1 (2d Cir.1989). We do not decide if these obstacles to the exercise of appellate jurisdiction should be disregarded when the parties, during many years of litigation, customarily used the same designation as that contained in the notice of appeal to refer to the class, apparently without causing any confusion about the identity of the litigants. It is enough to say that the District's other arguments, directed to the merits, clearly show that the judgment of the district court cannot be disturbed. As to the district court's refusal to award class members compensatory relief despite the District's earlier failure to comply with the consent decrees, Lander v. Morton, 518 F.2d 1084, 1087 (D.C.Cir.1975) (emphasis added), holds only that a court "may award" such relief against a party found in contempt for willful or wanton violation of a court order. Here the district court made no findings concerning the willfulness or recklessness of the District's violations, which have now ended. The decision not to award damages is thus consistent with Lander. D.C.Code § 6-1973 does not compel a contrary result. The consent decrees do not incorporate this provision of the Code and do not require monetary awards on the basis of it. See J.A. 60, 77. Regardless of whether members of the class might, in separate actions, make out a violation of D.C.Code § 6-1973, the consent decrees did not render the District liable for violating the provision in this case. None of the other challenges to the district court's judgment persuades us that the court acted outside the limits of its discretion. It is, accordingly
 
 
 3
 ORDERED and ADJUDGED that the judgment of the district court be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).